BARNS, PAUL D., Associate Judge.
This is an appeal by the State from an order sustaining a motion of the defendant-appellee to quash an indictment. We find that we are without jurisdiction and dismiss the appeal.
The order appealed from is interlocutory and not a final judgment quashing the information. The adjudicating language of the order appealed is: “That the defendant’s motion to Quash' herein be granted.” No order quashing the information appears to have been entered, hence the case is still pending as no final judgment has been entered.
Section 924.07(1) F.S.A. authorizes an appeal by the State from “(1) An order quashing an indictment or information or any count thereof,” but the State is not authorized to appeal from interlocutory-orders.
We might stop here but will make an observation that may serve a public purpose. The language of the information involved is:
“The Grand Jury of the State of Florida: inquiring in and for the body of the County of St. Lucie, upon their oaths do present that Albert Lee, Jr., late of the County of St. Lucie aforesaid, in the Circuit and State aforesaid, did on the 11th day of December, in the year of our Lord, one thousand nine hundred sixty-three, with force and arms, at and in the County of St. Lucie aforesaid, die then and there unlawfully carnally know and abuse a female child under the age of ten years, to-wit: Eloise Diann Clark, a more particular description of said rape being to the Grand Jurors unknown.” (Emphasis supplied)
The briefs indicate that the ground for quashing the indictment was the use of the word “die” for “did,” but ignore the “did” previously appearing in the information; which first “did” makes the “die-did” sur-plusage.
Appeal dismissed.
SHANNON, Acting C. J., concurs.
WHITE, J., dissents.