ON MOTION TO DISMISS
PER CURIAM.
In a criminal proceeding pending in the Criminal Court of Record in and for Dade County, Florida, the appellee [as defendant therein] moved to quash the information, which motion was orally granted by the court and a docket entry of such ruling was duly noted on January 11, 1966. Thereafter, the court entered a formal written order granting the defendant’s motion to quash on February 11, 1966, which was duly recorded in a minute book at an appropriate page on said date. Within thirty days of February 11, 1966, the State filed its notice of appeal pursuant to the provisions of §§ 924.07(1), 924.10, Fla. Stat., F.S.A., and Rule 6.3, Florida Appellate Rules, 37 F.S.A., seeking review of the trial judge’s order on the motion to *430 quash. Within the tune prescribed by the rules, the appellee in this court filed a motion to dismiss the appeal contending that same was untimely because it was not taken from the date of the unsigned entry in the minute book of the trial judge’s oral pronouncement.
We requested counsel to submit briefs in support of their respective positions. Following the receipt of same, we have examined the authorities therein contained and the opinion of the Second District Court of Appeal in Egantoff v. Herring, Fla.App.1965, 177 So.2d 260, and the opinion of the Supreme Court of Florida in State ex rel. Herring v. Allen, Fla.1966, 189 So.2d 363 (opinion filed May 25, 1966). These cases hold that an unsigned minute book entry is not sufficient to commence the running of an appeal time in a civil case. If this be true, then certainly it should not be sufficient to commence the running of an appeal time in a criminal matter.
We have not overlooked the opinion of the Second District Court of Appeal in Gossett v. State, Fla.App. 1966, 188 So.2d 836, but with due respect decline to follow the holding therein. In determining this question, we have attempted to consider Rules 1.3, 3.2(b), 6.1, 6.2 and 6.3, Florida Appellate Rules, in pari materia and reach the conclusion that “entered” as used in Rule 6.3, Florida Appellate Rules, must be considered the same as “rendition” in Rule 3.2(b), Florida Appellate Rules. If this not be so, then the abatement periods provided for in Rule 1.3, Florida Appellate Rules, to wit: “timely and proper motion or petition for a new trial, * * * ” will not be effective for tolling of the time for taking an appeal in a criminal matter pending review of a motion for new trial. Further, to hold that a minute book entry would control over a written order [which would be the ultimate impact of Gossett v. State, supra] would lead to nothing but confusion. It appears that the better practice would be for formal written orders to be entered in criminal matters for the purpose of commencing the running of an appeal time, the same as in civil causes.
Therefore, the motion to dismiss here under review will be denied.
Motion to dismiss denied.