223 So.2d 740 (1969)
Eli S. JENKINS, Petitioner,
v.
Hon. Woody A. LYLES, As Chief Judge; Hon. William C. Pierce; Hon. Joseph McNulty; Hon. T. Frank Hobson, Jr.; and Hon. Robert Mann, As the Judges of and Constituting the District Court of Appeal, Second District, State of Florida, Respondents.
No. 38356.
Supreme Court of Florida.
June 4, 1969.
Rehearing Denied July 8, 1969.
*741 Mark R. Hawes, Tampa, for petitioner.
Earl Faircloth, Atty. Gen., and William D. Roth, Asst. Atty. Gen., for respondents.
DREW, Justice.
The trial court orally granted a motion to quash an information filed against Petitioner. The State filed its Notice of Appeal[1] from said oral order but a copy thereof was not served on Petitioner as required by Rule 6.6(a), Florida Appellate Rules, 32 F.S.A., and Section 924.13, Florida Statutes 1967, F.S.A.[2] A few days thereafter the trial judge entered a written order dismissing the information, from which no appeal has been taken.
Petitioner moved, in the District Court of Appeal where said cause was pending, to dismiss the appeal on the following grounds:
"1. That it had failed to comply with the mandatory provisions of Rule 6.6(a), F.A.R., and § 924.13, F.S.A.
"2. That the Notice of Appeal purportedly was from an oral Order of the Trial Court granting the Motion to Dismiss on August 22, 1968, when the record of the Trial Judge showed that a formal written Order was entered of record on September 12, 1968, which said Order dismissed the Information."
The motion was denied without opinion.
Petitioner contends here that the District Court is without jurisdiction.
Petitioner argues that the requirement that he be served with a copy of the Notice of Appeal is jurisdictional. We do not agree. The filing of the Notice of Appeal from an appealable decision vests jurisdiction in the reviewing court. Failure to serve a copy on the defendant may, *742 under appropriate circumstances, justify a dismissal of the appeal but it does not require it. As in other violations of the rules governing procedural matters in appellate review, appropriate sanctions may be imposed, but a dismissal is not proper in the absence of a showing of substantial prejudice to the moving party. The record here does not demonstrate that Petitioner has been prejudiced by the failure to serve a copy on him.[3]
The same question was before us in the case of State of Florida v. White, No. 35,448.[4] The original files show that there, as here, the Notice of Appeal was not served on the appellee, and after the appeal was taken he moved to dismiss the same because such failure to comply with the rule and statute divested the Court of jurisdiction to review the action of the trial court. On July 12, 1966, an order [unreported] was entered denying the Motion to Dismiss.
A more serious question is presented in the question concerning the state's attempt to appeal from an oral order of the court. The rules provide that all orders "not entered in open court * * * shall be in writing."[5] The only appealable order in this case is the one entered in writing on September 12th, 1968. The attempt to review this order by a Notice of Appeal from an oral order pronounced several days prior thereto is wholly ineffective to confer jurisdiction on the District Court.[6]
Petitioner  as an additional point  argues that the order  written or oral  is not a reviewable judgment because it is interlocutory, and cites State v. Lee, 170 So.2d 464 (2d Dist.Ct.App.Fla. 1965), in support of that contention. Since the Lee decision, the rules have been amended to provide that, for the purposes of appeal by the State under the provisions of Section 924.07(1), Florida Statutes 1967, F.S.A., an "order quashing" shall be taken and held to mean "order dismissing."[7]Lee is no longer applicable.
Respondents are prohibited from proceeding further in the pending appeal.
It is so ordered.
CARLTON and ADKINS, JJ., concur.
THORNAL, J., concurs for reasons herein and in our decision in State v. Kahler, Fla., 224 So.2d 272, filed May 28, 1969.
ERVIN, C.J., and ROBERTS and BOYD, JJ., dissent.
NOTES
[1] § 924.07, Fla. Stat. (1967), F.S.A., provides: "An appeal may be taken by the state from: (1) An order quashing * * * an information * * *."
[2] Rule 6.6(a), Fla.App.R., provides: "Service. If the appeal is taken by the state, except under authorization of Section 924.07(4), Florida Statutes, a copy of the notice of appeal shall be served by the prosecuting attorney on the defendant, if his place of residence is known, and on the counsel, if any, who appeared for him at the trial." § 924.13, Fla. Stat. (1967), F.S.A., states: "If the appeal is taken by the state, a copy of notice of appeal shall be served on the defendant, if his place of residence is known or if he is imprisoned in the county; or, if not, on the counsel, if any, who appeared for him at the trial, if the counsel resides or practices his profession in the county. If such notice cannot be served, after due diligence, the trial court, upon proof thereof, may make an order for the publication of the notice in such newspaper and for such time as it deems proper. When the order for publication is complied with the appeal becomes perfected, and the clerk of the court shall immediately send a certified copy thereof to the supreme court and to the attorney general."
[3] Compare State v. Maschek, 147 So.2d 574 (3d Dist.Ct.App.Fla. 1962).
[4] Decision on the merits of that appeal is reported in State of Florida v. White, 194 So.2d 601 (Fla. 1967).
[5] Rule 1.030(a), Fla.R.Crim.P., 33 F.S.A. see Maryland, D. & V. Ry. Co. v. Johnson, 129 Md. 412, 99 A. 600 (1916), and Hobart v. Hobart, 45 Iowa 501 (1877), for a discussion of what constitutes "Open Court."
[6] State v. Shedaker, 190 So.2d 429 (Fla.App. 1966). This case recognizes the conflict with Gossett v. State, 188 So.2d 836 (Fla.App. 1966) but observes that it "decline[s] to follow the holding therein." We agree with the decision of the Third District in Shedaker.
[7] Rule 1.190(f), Fla.R.Crim.P., states: "ORDER DISMISSING. For the purpose of construing Section 924.07(1), Florida Statutes, the statutory term `order quashing' shall be taken and held to mean `order dismissing.'"