MANN, Judge.
Buxton bought from Palmer Johnson, Inc., a 55-foot sailing yacht, to be built in Finland to Sparkman & Stephens, Inc., specifications. It was taken, upon importation, to a Clearwater yard for commissioning and delivery. Buxton, who had paid most of the purchase price, had some dispute about alleged failure to meet specifications, and while Parsons, vice president of defendant corporation, was in Clearwater to confer with Buxton this action was instituted, not only for specific performance and damages, but for an injunction to prevent removal of the yacht from the jurisdiction.
While the temporary injunction remained in effect the parties began negotiations. Buxton, learning that Parsons had called from the corporation’s office in Wisconsin, wrote to suggest that the matter be submitted to arbitration by Olin Stephens of New York. Buxton and Parsons went to New York, and in fact many, but not all, of their differences were resolved by Mr. Stephens’ findings.
Meanwhile, back at the Court House, no answer had been filed. Plaintiff’s lawyer *893 filed praecipe for default and default judgment was entered. When the defendant learned of the entry of judgment, it promptly engaged Tampa counsel who filed a petition to vacate, asserting excusable neglect. The praecipe for default was filed one day prior to Buxton’s writing Parsons and asking that the second meeting with Olin Stephens be cancelled “for the time being.” Buxton executed an affidavit asserting that he owed the defendant only $5,643.15, although it is clear that the defendant had asserted certain claims for extra compensation and that the parties contemplated a subsequent meeting with Stephens, whose services as an arbitrator were not curtailed by any act of Buxton’s.
The defendant, in seeking to vacate the default, clearly showed excusable neglect. Buxton himself had led the way in efforts to resolve the matter by arbitration. His correspondence suggested not the slightest reason why the defendant ought to divert its attention from arbitration to litigation, and the major effect of the pending action was to enjoin the removal of the yacht. We think the order appealed from, denying vacation of the default judgment, was clear error.
We reversed an improvident entry of default in Cowen v. Knott, Fla.App.2d 1971, 252 So.2d 400, and there, at pp. 402-403, discussed why the cases on which ap-pellee relies are inapposite.[1]
The situation, though resting upon an interpretation of Fla.R.Civ.P. 1.540(b), 31 F.S.A., is analogous to our recent decisions respecting the propriety of dismissal for failure to prosecute, which construed “good cause” as that phrase is used in Fla.R.Civ.P. 1.420(e), 30 F.S.A. In Fleming v. Florida Power Corporation, Fla.App.2d 1971, 254 So.2d 546, and Whitney v. Whitney, Fla.App.2d 1970, 241 So.2d 436, we held that activity of the parties or their lawyers off the record which, but for cooperation, would have appeared of record, would justify an apparent failure to prosecute.
Buxton’s conduct in this case might reasonably have led the defendant to think that, unless arbitration failed, he might never need a lawyer at all. Our guild is not so clannish that every defendant so lulled into a sense of security is obligated to hire one of our profession to proceed within twenty days to file something as a token of defendant’s distrust.
What merit there may. be in the defendant’s claims remains for ultimate determination by the trier of fact. There may indeed be none, but this default was wrongly taken against a defendant who thought arbitration was in progress.
Reversed and remanded with directions to vacate the default and allow defendant to answer.
LILES, A. C. J., and McNULTY, J., concur.

. North Shore Hospital, Inc. v. Barber, Fla.1962, 143 So.2d 849, in the leading ease.