ON MOTION TO DISMISS
MANN, Judge.
The original notice of appeal was filed within thirty days of the filing of an order denying a post-trial “Motion to Dis *361 charge.” That motion was based on a claimed denial of speedy trial, repeated a motion made and denied orally at the outset of trial, and was a proper motion in the nature of a petition for rehearing. F.A.R. 1.3, 32 F.S.A., provides that “Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.” Thus at the time of filing the notice of appeal purporting to seek review of the order denying the motion to discharge the defendants, the entire case was reviewable because the final judgment, by then well over thirty days old, had been “rendered” within thirty days. F.A.R. 6.2, referring specifically to criminal appeals, requires appeal within thirty days after the judgment is “entered,” but entry seems understandably to have been treated as the equivalent of “rendition,” the word used in F.A.R. 3.2. See State ex rel. Faircloth v. Cross, Fla.1970, 238 So.2d 81 (per Adkins, J.).
The question now becomes whether the amended notice of appeal, which sought to review the final judgment, is valid. It is. F.A.R. 3.2(c) provides that “Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal unless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.” The State does not claim prejudice, and none appears. Allowing the amended notice to stand is in harmony with State ex rel. Poe v. Allen, Fla.1967, 196 So.2d 745 at 746, in which Mr. Justice Drew’s opinion quotes approvingly 3 Barron & Holtzoff, Federal Practice and Procedure § 1302.1:
“ ‘Where the appeal is erroneously taken from the order denying the motion, rather than from the judgment, the sound course undoubtedly is to treat this technical error as harmless, and to consider
the appeal as if it were from the judgment.’ ”
See also 6A Moore, Federal Practice § 59.-15.
An appellant in a criminal proceeding is no less entitled to the interpretation which will result in the just consideration of his claims.
Motion denied.
HOBSON, Acting C. J., and Mc-NULTY, J., concur.