*509 ON MOTIONS TO DISMISS
PER CURIAM.
The four instant cases include one appeal, two interlocutory appeals, and one petition for writ of certiorari. A motion to dismiss has been filed by the defendant(s) in each case. We are entertaining the four motions together since each presents the same issue for our consideration, to wit: when is an order considered to be “rendered” under the rules of criminal procedure, for purposes of determining the thirty day period in which an appeal may be taken.
In Armstrong, the order discharging the defendants from prosecution was signed on May 14, 1974, filed on the same day, recorded on July 3, 1974, and the State filed its notice of appeal on July 12, 1974, almost 60 days after filing. In Boyken, the order suppressing evidence was signed on November 11, 1974, filed on November 12, 1974, recorded on December 6, 1974, and the State filed its notice of appeal on December 17, 35 days after filing. In Hernandez, the order granting defendant’s motion to suppress evidence was signed on November 27, 1974, filed on December 4, recorded on December 6, and the State filed its notice of appeal on January 6, 1975, some 32 days after filing. In Hudson, the court endorsed its oral ruling denying the State’s motion to substitute preliminary hearing testimony in lieu of live testimony on the face of the motion on November 19, 1974, and the clerk entered said ruling in the clerk’s records on even date. A formal order was signed on December 2, 1974, filed on December 11, recorded on December 12, and the State filed its petition for writ of certiorari on January 13, 1975, some 53 days after the date of filing by the clerk of the court’s oral ruling.
It is the contention of the defendants that the appeals and the petition for writ of certiorari were untimely filed by the State since they were not filed within 30 days of rendition of the orders, and we agree.
Appeals in criminal cases must be prosecuted in accordance with part VI of the Florida Appellate Rules, and with such provisions of other parts of the Appellate Rules as are not inconsistent with the provisions of part VI. Rule 6.1, Florida Appellate Rules. The time for filing a notice of appeal is governed by Rule 6.3, Florida Appellate Rules, which provides that the appeal may be taken within 30 days from the day the order is entered, or prior to trial, whichever is sooner. The term “entered” in the context of the Criminal Appeals Section of the Florida Appellate Rules has been held to mean the same as “rendered” as defined in Rule 1.3, Florida Appellate Rules. State v. Shedaker, Fla. App.1966, 190 So.2d 429; State ex rel. Faircloth v. Cross, Fla.1970, 238 So.2d 81; White v. State, Fla.App. 1972, 267 So.2d 360.
Rule 1.3, Florida Appellate Rules, provides:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed.”
The rule further provides that “(a) paper is deemed to be recorded when filed with the clerk and assigned a book and page number.” In the four cases sub judice, the orders were recorded from two days to some one and one-half months after being filed by the clerk.
This court has held that recordation may delay the time for the commencement of further action (i. e., a petition for reinstatement), where such recording was required. Larybar, Inc. v. City of Miami Beach, Fla.App.1968, 208 So.2d 129. In the in *510 stant cases, however, there exist no requirements that the orders be recorded.[1] The orders appealed are not required to be recorded by any provision of the Rules of Criminal Procedure and none of the files contains a written order of the circuit court requiring the orders to be recorded; thus, recording is not required by § 28.29, Fla.Stat.
It would be a denial of the right to procedural due process to permit the delay between the filing of an order and the date of its recordation to extend the time for the State to appeal such order, except any order required to be recorded by statute or rule. It would be tantamount to allowing the clerk of the circuit court, a ministerial office, to govern and enlarge the time for the taking of an appeal in derogation of the exclusive rule-making authority which has been delegated to the Florida Supreme Court.[2]
In conclusion, because no requirements exist for the recordation of the orders appealed, the time for entry of a notice of appeal (or petition for writ of certiorari) runs from the date of the filing of the order. Rule 1.3, Florida Appellate Rules. In each instance, more than 30 days elapsed between the date the order was filed and the date the notice of appeal (or petition for writ of certiorari) was filed, each notice of appeal (or petition for writ of cer-tiorari) was untimely and, therefore, jurisdiction cannot vest in this court. Rule 6.3, Florida Appellate Rules; State ex rel. Faircloth v. District Court of Appeal, Third District, Fla. 1966,187 So.2d 890.
Because the untimely notices of appeal and petition for writ of certiorari never vested jurisdiction in this court, each appeal (or petition for writ of certiorari) is hereby dismissed.
It is so ordered.

. The Florida Rules of Criminal Procedure specify that tire following be recorded in criminal cases: (A) The Verdict. Rule 3.440, CrPR; see also Rule 3.570, CrPR. (B) Judgments of guilty or not guilty. Rule 3.670, CrPR; see also Rules 3.830 and 3.840, CrPR, In addition, § 28.29, Fla.Stat., in delineating the duties of the Clerk of the Circuit Court, provides that: Orders of dismissal and final judgment of the courts in civil actions shall be recorded in official records. Other orders shall he recorded only on written direction of the court.

. Article V, § 2(a) of the Florida Constitution provides that “The Supreme Court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review ...”