SUNDBERG, Justice.
This case is on certiorari from the Third District Court of Appeal. Our jurisdiction vests under Article V, Section 3(b)(3), Florida Constitution.
Petitioner was involved in a gun fight in the parking lot of a nightclub in Miami, Florida. A bullet fired by him fatally wounded a man who allegedly was among those shooting at him.
.On January 4, 1972, petitioner was charged by information in the Circuit Court of the Eleventh Judicial Circuit with second degree murder. Before his trial, he demanded discovery of his automobile to demonstrate that there were bullet holes in it which would tend to establish a plea of self-defense. The State was unable to produce the automobile, which had been impounded by the municipal police authority and sold at public auction. Petitioner moved to dismiss the charges. Finding that the automobile was material and critical to the defense, the trial judge ordered it produced for inspection; upon the State’s failure to produce such automobile, the information was dismissed. The order of dismissal was filed on April 9, 1974, and recorded on April 12, 1974.
On May 10, 1974, the respondent State filed a notice of appeal, seeking review in the District Court of Appeal, Third District, of the order granting the motion to dismiss. The District Court reversed the trial court’s order of dismissal. State v. Wade, 305 So.2d 851 (Fla. 3d DCA 1974).
After denial of his petition for rehearing, petitioner filed in this Court a petition for writ of certiorari on February 27, 1975. Wade subsequently filed a “Motion to Relinquish Jurisdiction to the District Court of Appeal, Third District,” arguing that that court had lacked jurisdiction to enter its order of reversal because the State’s notice of appeal had been untimely filed. The Court denied this motion but agreed to consider the jurisdictional argument as an additional ground for granting the petition for writ of certiorari. On February 6,1976, this Court entered its order allowing certio- *649 rari because of conflict with State v. Armstrong, 312 So.2d 508 (Fla. 3d DCA 1975), cert. denied 327 So.2d 34 (Fla.1976). We have dispensed with oral argument pursuant to Rule 3.10(e), F.A.R.
In the consolidated cases considered in Armstrong, supra, the Third District Court of Appeal agreed with the defendant-appellees and defendant-respondent that the State’s respective appeals and petition for writ of certiorari were untimely because they were not filed within 30 days of rendition of the orders. The court further held:
“Appeals in criminal cases must be prosecuted in accordance with part VI of the Florida Appellate Rules, and with such provisions of other parts of the Appellate Rules as are not inconsistent with the provisions of part VI. Rule 6.1, Florida Appellate Rules. The time for filing a notice of appeal is governed by Rule 6.3, Florida Appellate Rules, which provides that the appeal may be taken within 30 days from the day the order is entered, or prior to trial, whichever is sooner. The term ‘entered’ in the context of the Criminal Appeals Section of the Florida Appellate Rules has been held to mean the same as ‘rendered’ as defined in Rule 1.3, Florida Appellate Rules. State v. Shedaker, Fla.App.1966, 190 So.2d 429; State ex rel. Faircloth v. Cross, Fla.1970, 238 So.2d 81; White v. State, Fla.App.1972, 267 So.2d 360.”
Id. at 509.
Rule 1.3, F.A.R., provides:
“ ‘Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. .” (Emphasis supplied)
Because it was not necessary that the order issued by the trial judge be recorded,[1] the time for entry of a notice of appeal ran from the date the order was filed, i. e., April 9, 1974. Thus the State’s notice of appeal, entered as it was on May 10, 1974, was not timely filed.
While our decision may seem unduly harsh to the interests of the State, we are mindful of the constitutional issue present here, as described by the District Court in Armstrong, supra, at page 510:
“It would be a denial of the right to procedural due process to permit the delay between the filing of an order and the date of its recordation to extend the time for the State to appeal such order, except any order required to be recorded by statute or rule. It would be tantamount to allowing the clerk of the circuit court, a ministerial office, to govern and enlarge the time for the taking of an appeal in derogation of the exclusive rule-making authority which has been delegated to the Florida Supreme Court.” (Footnote omitted)
Accordingly, the writ of certiorari is granted, and the opinion of the District Court of Appeal is quashed with instructions to remand the cause to the circuit court for reinstatement of the order of dismissal.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, ENGLAND and HATCH-ETT, JJ., concur.

. The Florida Rules of Criminal Procedure specify that the verdict (see Fla.R.Cr.P. 3.440, 3.570) and judgments of guilty or not guilty (see Fla.R.Cr.P. 3.670, 3.830, and 3.840) must be recorded in criminal cases. In addition, § 28.29, Fla.Stat. (1975), which describes the duties of the clerk of the circuit court, provides that orders of dismissal and final judgment of such courts in civil actions shall be recorded in official records and that other orders shall be recorded only on written direction of the court.