346 So.2d 89 (1977)
Fred M. RUBENSTEIN et al., Appellants,
v.
RICHARD FIDLIN CORPORATION and Richard Fidlin, Appellees.
No. 76-1901.
District Court of Appeal of Florida, Third District.
April 18, 1977.
Stan E. Cushman, Miami, for appellants.
No appearance for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.

ON REHEARING
HUBBART, Judge.
On the appellants' petition or rehearing, our further review of the record and applicable law convinces us that the appeal herein was in fact timely filed. The petition for *90 rehearing is accordingly granted, our opinion of March 8, 1977 is withdrawn, and the appeal herein is reinstated.
A party has thirty (30) days from the rendition of an interlocutory order within which to file a notice of appeal to seek review of such order. Article V, Section 2(a), Florida Constitution (1968); Section 59.081, Florida Statutes (1975); Fla.App. Rule 4.2 b. An order is rendered when it has been reduced to writing, assigned, and made a matter of record, or if recording is not required, then filed with the clerk. Fla. App. Rule 1.3. If the thirtieth day on which a notice of appeal is due falls on a Saturday, Sunday, legal holiday, or any other day that, pursuant to order of the court, the clerk's office of the trial court is officially closed, the notice shall be filed on the next day which is not one of the aforementioned days. Fla.App. Rule 3.18. See: Carlile v. Spofford, 65 So.2d 545 (Fla. 1953); Finley v. State, 168 So.2d 201 (Fla.2d DCA 1964).
The order appealed from in this case is an interlocutory order denying the appellants' motion to set aside a default judgment. This order was not required to be recorded by the clerk except on written direction of the court. See: Section 28.29, Florida Statutes (1975); Wade v. State, 339 So.2d 648 (Fla. 1976). Since there was no such written direction in this case, the order herein was rendered the day it was filed with the clerk, September 10, 1976.
Ordinarily, October 10, 1976, would have been the last day within which a notice of appeal could have been filed in order to obtain interlocutory appellate review of said order. Since October 10, 1976, falls on a Sunday, the last day for filing the notice of appeal appeared to us to have been extended to Monday, October 11, 1976, making the instant notice of appeal one day late.
It has been brought to our attention, however, that October 11, 1976 was Columbus Day, which is a legal holiday. Fla.App. Rule 1.3(g). We had overlooked this fact as this court and many other courts throughout the state do not in fact observe Columbus Day. Whether this is true of the Circuit Court for the Eleventh Judicial Circuit is irrelevant, because Columbus Day is a legal holiday under Fla.App. Rule 1.3(g) whether that court in fact observed it or not. Consequently, the last day for filing the notice of appeal in this case was extended to Tuesday, October 12, 1976, the day on which the notice of appeal was in fact filed making this appeal timely.
Turning to the merits of the appeal, this is an action sounding in breach of contract and fraud. The trial court entered a default judgment without notice against the defendant and later refused to set it aside. The defendant appeals.
The question presented for review is whether a plaintiff may obtain a default judgment without notice against a defendant who has made an appearance in the case and thereafter failed to file or serve any papers in the case when the plaintiff has misled the defendant into believing that it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations between the parties.
The record reflects that the plaintiff-appellees, Richard Fidlin Corp. and Richard Fidlin, filed a three-count complaint sounding in breach of contract and fraud against the defendant-appellants, Fred M. Rubinstein, Benny Jeffus, Louis E. Diaz, Jr., William Fidlin and U.S. Auto Repair, Inc. The action centered around the sale of an automobile repair shop by the plaintiffs to the defendants.
On December 6, 1975, the defendants were properly served with a summons, complaint, and notice of hearing for injunctive relief. A hearing was held shortly thereafter on the application for injunctive relief. Both parties were represented by counsel at this court hearing. Injunctive relief was denied.
Shortly, thereafter, counsel for both parties entered into settlement negotiations in an effort to resolve the dispute. The negotiations were carried on through various telephone conversations and correspondence between the respective counsel. Defense *91 counsel agreed with plaintiffs' counsel not to file any responsive pleadings on the supposition that settlement was imminent in the case. Responsive pleadings were accordingly never filed by the defendants pursuant to this understanding.
The negotiations dragged on without resolution for several months. The plaintiffs through another counsel filed a waiver of jury trial on damages and a notice of trial for damages only, serving a copy on defense counsel by mailing same on May 27, 1976.
On June 4, 1976, plaintiffs' original counsel filed a motion for default judgment without serving or otherwise notifying defense counsel or the defendant. The motion alleged that the defendants had failed to serve or file any papers in the cause. On the same day, the trial court entered a default judgment against the defendants.
Upon receipt of the waiver of jury trial and notice of trial pleadings on or about June 6, 1976, defense counsel learned for the first time that the plaintiff was proceeding with the case in court and that the plaintiff had additional counsel. Defense counsel called the plaintiffs' new counsel in an effort to learn the status of the case. He talked with a person at the counsel's law office who professed to have no knowledge of the case, but promised to look into the matter and call back. That person never did call back.
Defense counsel shortly thereafter learned of the default judgment from the clerk's office and filed a prompt motion to vacate the default judgment alleging under oath the above facts. The record fails to show that the plaintiffs ever traversed the motion or submitted any sworn proof to contradict these facts. The trial court heard and denied the motion.
Ordinarily, a plaintiff may obtain a default judgment without notice against a party who has failed to file or serve any papers in the action. Fla.R.Civ.P. 1.500(b); Dade County v. Lambert, 334 So.2d 844 (Fla.3d DCA 1976). In the instant case, however, the defendants were misled by the plaintiff into believing that it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations. Moreover, defense counsel had made an appearance in the case by attending the initial hearing on the application for injunction and thereafter was served with pleadings save for the crucial application for default judgment.
Under these circumstances, we believe it was unconscionable for the plaintiff to take advantage of the defendants' failure to file responsive pleadings by obtaining a default judgment without notice to the defendants. See: Johnson v. Buxton, 262 So.2d 892 (Fla.2d DCA 1972). The law is well-settled that a party is estopped from asserting legal rights to the detriment of another party when to do so would be unconscionable. See: Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA 1961).
We, therefore, hold that a plaintiff may not obtain a default judgment without notice against a defendant who has made an appearance in the case and thereafter failed to file or serve any papers in the case when the plaintiff has misled the defendant into believing that it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations between the parties. Since the defendants made such an appearance and were so misled in this case, their motion to set aside the default judgment entered herein without notice should have been granted by the trial court.
Reversed and remanded for proceedings consistent with this opinion.