BASKIN, Judge.
In an interlocutory appeal from an order denying its motion to vacate a default judgment entered against it by the trial court, American Republic Insurance Company cites its reliance upon representations by opposing counsel that no default would be sought during the pendency of settlement negotiations. American Republic contends that the trial court’s refusal to vacate the default judgment entered without notice constituted an abuse of discretion. We agree and reverse.
We hold, as we did in Rubensteln v. Richard Fidlin Corp., 346 So.2d 89, 91 (Fla. 3d DCA 1977):
Ordinarily, a plaintiff may obtain a default judgment without notice against a party who has failed to file or serve any papers in the action. Fla.R.Civ.P. 1.500(b); Dade County v. Lambert, 334 So.2d 844 (Fla. 3d DCA 1976). In the instant case, however, the defendants were misled by the plaintiff into believing that it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations....
Under these circumstances, we believe it was unconscionable for the plaintiff to take advantage of the defendants’ failure to file responsive pleadings by obtaining a default judgment without notice to the defendants. See: Johnson v. Buxton, 262 So.2d 892 (Fla. 2d DCA 1972). The law is well-settled that a party is estopped from asserting legal rights to the detriment of *1164 another party when to do so would be unconscionable. See: Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA 1961).
We, therefore, hold that a plaintiff may not obtain a default judgment without notice against a defendant who has made an appearance in the case and thereafter failed to file or serve any papers in the case when the plaintiff has misled the defendant into believing that it was unnecessary to file any responsive pleadings because of ongoing settlement negotiations between the parties. Since the defendants made such an appearance and were so misled in this case, their motion to set aside the default judgment entered herein without notice should have been granted by the trial court.
Appellant’s defense appears to be meritorious and, because questions concerning whether to vacate a default should be resolved in favor of a trial on the merits, North Shore Hospital v. Barber, 143 So.2d 849 (Fla.1962), the trial court’s denial of the motion to vacate constituted a gross abuse of discretion.
Reversed and remanded for further proceedings consistent with this opinion.