PER CURIAM.
This appeal is brought from an order denying a motion to set aside a default.
Where, after the husband had been served with a complaint for dissolution of a marriage, his attorney and the attorney for the wife were in communication regarding a possible reconciliation, a default entered on an ex parte motion of the wife’s attorney, without notice to the husband’s attorney, should have been set aside.
The husband was served with the complaint to dissolve the marriage at the marital home where the parties still resided. He opposed the dissolution and indicated that his defense, if one became necessary, would be that the marriage was not irretrievably broken. In fact, after the complaint was filed, the parties not only continued to live in the house, but enjoyed travel vacations together.
There was no indication by the wife or her attorney that the husband’s efforts to save the marriage were futile so as to *955 serve notice that he should file an answer. It was reasonable for the husband to believe, based on the wife’s conduct, that his reconciliation efforts would be successful.
Further, the husband filed an answer and moved to set aside the default within twenty-four hours of learning of the default. On these facts it would be unconscionable to let the default stand. See Rubenstein v. Richard Fidlin Corp., 346 So.2d 89 (Fla. 3d DCA 1977) (held unconscionable for a plaintiff to take advantage of the defendant’s failure to file a responsive pleading where counsel had agreed that no pleading was necessary because of an imminent settlement).
Reversed and remanded.