536 So.2d 387 (1989)
Sally DYSART, Individually and Sally Dysart, Inc., a Florida Corporation, Appellants,
v.
AN ULTIMATE POOL Service & Repair, Inc., a Florida Corporation, Appellee.
No. 87-2509.
District Court of Appeal of Florida, Third District.
January 10, 1989.
David B. Javits, North Miami, for appellants.
*388 Jerome P. Ventura, Hollywood, for appellee.
Before SCHWARTZ, C.J.,[*] and HUBBART and FERGUSON, JJ.
PER CURIAM.
Sally Dysart, individually, and Sally Dysart, Inc., appeal from a court order denying their Motion to Set Aside Default and Relief from Final Judgment.
As to the appellants' first issue on appeal  that the judgment is void because service of process was defective  we affirm the trial court's ruling, made after a full evidentiary hearing, that service was valid. Although conflicting the evidence is sufficient to support the court's finding. It was the appellants' burden to establish by clear and convincing evidence that service was invalid. See Magazine v. Bedoya, 475 So.2d 1035 (Fla. 3d DCA 1985). Because the appellants failed to file or serve any papers a default on the issue of liability was properly entered. See American Republic Ins. Co. v. WestChester Gen. Hosp., 414 So.2d 1163 (Fla. 3d DCA 1982).
Nevertheless, it was error for the trial court to award unliquidated damages, after the default was entered, without notice and a hearing in accordance with Florida Rule of Civil Procedure 1.440(c). Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725 (Fla. 3d DCA 1988); Lauxmont Farms, Inc. v. Zentner, 514 So.2d 82 (Fla. 5th DCA 1987).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR FURTHER CONSISTENT PROCEEDINGS.
NOTES
[*] Chief Judge Schwartz participated in the decision but did not hear oral arguments.