ERVIN, Judge.
Weeks appeals from an order denying its motion to vacate a default judgment, arguing that its motion demonstrated excusable neglect, and its proposed answer, attached to its motion, demonstrated a meritorious defense as well. We agree, reverse and remand.
Weeks’ verified motion, unrefuted by any facts in the record, represents that one day following service of the complaint upon it, defendant, through its president, Marrón Weeks, called plaintiff’s counsel, stating that he was under no contract with appel-lee and considered that no amounts were due. The motion furthermore represented that Weeks understood, as a result of the conversation he had with appellee’s counsel, that counsel would contact him regarding his claims and that no further action would be required by Weeks. Based upon Weeks’ “apparent misunderstanding,” no action was taken until he received notice that a final judgment had been entered in May 1988.
Weeks’ belief, based on representations made by appellee’s attorney, that he need not then take any further action, constituted excusable neglect. See Cole v. Blackwell, Walker, Gray, Powers, Flick & Hoehl, 523 So.2d 725 (Fla. 3d DCA 1988). Moreover, Weeks’ proposed answer, setting forth three affirmative defenses (lack of privity of contract, estoppel and waiver), indicates a meritorious defense.
REVERSED and REMANDED for further proceedings.
SHIVERS, C.J., and JOANOS, J., concur.