557 So.2d 188 (1990)
Anthony J. WYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-853.
District Court of Appeal of Florida, First District.
February 20, 1990.
*189 Michael E. Allen, Public Defender and Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
The defendant appeals his sentence imposed for possession and sale of cocaine and for violation of probation. He contends the trial court erred in imposing a departure sentence and failing to abide by the terms of his plea agreement. We agree and reverse.
In 1987 the defendant was charged and adjudged guilty of the offenses of sale of cocaine and possession of cocaine. For the possession conviction he was sentenced to five months imprisonment followed by two years probation. For the sale conviction he was sentenced to two years probation concurrent with the two years probation imposed on the possession conviction.
In 1988 the defendant was charged in three different cases with the sale of cocaine on three different dates. His probation officer filed an affidavit alleging violation of probation in that defendant failed to file monthly reports and committed three sale of cocaine offenses.
The defendant pled nolo contendere to the three charges of sale of cocaine in 1988 and to the charge that he violated probation in the 1987 cases. He was sentenced to five and one-half years incarceration and eight years probation on the 1987 sale of cocaine conviction and five years incarceration on the possession of cocaine conviction to run concurrently with the 1987 sale sentence. He was sentenced to five and one-half years incarceration and nine years probation on the first 1988 conviction of sale of cocaine and the same sentence to run concurrently on the remaining two sale of cocaine convictions. The 1988 sentence on sale of cocaine is to run consecutive to the 1987 sentence for sale of cocaine resulting in a departure sentence of 11 years incarceration and 17 years probation. Within 30 days of the sentence and judgment, the defendant wrote a letter to the trial judge contending that he was to receive a guidelines sentence no greater than five and one-half years to be followed by nine years probation but that he had learned that the actual sentence was 11 years in prison followed by 17 years of probation. He requested the sentencing judge to correct the mistake. On March 8, 1989, the defendant served by mail a notice of appeal and on March 9, he served a motion for appointment of counsel, alleging that he was indigent and unskilled in the law.
Although the pro se notice of appeal was not timely filed, defendant asserts that certain pleadings and letters filed by the defendant and made known to the trial court within the 30-day period for filing an appeal conferred jurisdiction on this court under any or all of the following three theories: 1) A letter and motion for appointment of counsel should be construed as a notice of appeal; 2) defendant's due process rights were violated when the trial court did not afford him a timely appeal; and 3) defense counsel was ineffective for not filing a timely notice of appeal. The state agrees with the defendant that this court should accept jurisdiction of this matter under either of the first two theories of jurisdiction proposed by the defendant. Although the parties cannot confer jurisdiction on this court by agreement or stipulation, we agree that the letter and pleadings filed within the 30 day appeal period are sufficient to confer jurisdiction on this *190 court. Deficiencies in form or substance in the notice of appeal are not jurisdictional and are not a basis for dismissal of the appeal unless it is clearly shown that the complaining party was misled or prejudiced by the deficiencies. White v. State, 267 So.2d 360 (Fla.2d DCA 1972). The state's agreement that this court should accept jurisdiction is in effect an admission that it was not misled or prejudiced by the deficiencies. The only consequence of not accepting jurisdiction would be unnecessary work for the state, public defender, and judges because Wynn would have a clear right to appellate review by belated appeal under Baggett v. Wainwright, 229 So.2d 239 (Fla. 1969).
Defendant also contends that the trial court erred in exceeding the guidelines by ordering that the 1988 concurrent sentences run consecutive with the 1987 concurrent sentences. We agree. The state and the defendant agreed to a plea bargain in which the defendant agreed to plead nolo contendere to all charges provided he would receive a guidelines sentence. At a plea hearing held January 20, 1989, the court asked if that agreement was acceptable to the state and was advised that it was. The court then inquired of the defendant whether he understood the plea and if he signed it freely and voluntarily, and the defendant answered in the affirmative. The court then announced, "The plea is accepted." In view of the court's acceptance of the plea agreement, the sentence imposed February 8, 1989, is vacated and this case is remanded for resentencing within the guidelines as agreed upon by the parties and accepted by the court.
BARFIELD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.