630 So.2d 1195 (1994)
Ronald G. WILLIAMS, Onyx Financial Group, Inc., and Interco Funding Group, Inc., Appellants,
v.
DIRECT DISPENSING, INC., Appellee.
No. 93-2047.
District Court of Appeal of Florida, Third District.
January 18, 1994.
Rehearing Denied February 22, 1994.
*1196 Richard B. Marx, Coconut Grove, for appellants.
Gilbride, Heller & Brown, and Dyanne E. Feinberg, Miami, for appellee.
Before BARKDULL, JORGENSON and GERSTEN, JJ.
PER CURIAM.
Appellants appeal an interlocutory order denying their motion to set aside a default judgment and for relief from judgment pursuant to Rule 1.540(b), Florida Rules of Civil Procedure. We affirm in part and reverse in part.
Appellee filed and served a complaint against the appellants alleging negligent misrepresentation, breach of contract and conspiracy to defraud. The claims were based upon an investment banking operation involving an initial public offering of securities. Appellee alleged that it sustained unliquidated damages as a result of appellants' conduct.
Thereafter, appellee moved for default and for entry of a final default judgment because appellants failed to file an answer to the complaint. Neither appellants nor their counsel appeared at the hearing on the motion. After the hearing, the trial court entered a default against appellants and a final judgment for $2,850,000.00.
It is undisputed that appellants were never served with a copy of the final judgment. Appellants first became aware of the final judgment more than thirty days later at a hearing on an unrelated matter. Subsequently, appellants moved to set aside the default and for relief from final judgment pursuant to Florida Rule of Civil Procedure 1.540(b). The trial court denied appellants' motions.
Appellants assert that the trial court reversibly erred by entering an adverse final judgment for unliquidated damages without providing notice and an opportunity to be heard on the issue of damages pursuant to Rule 1.440(c), Florida Rules of Civil Procedure. We agree.
Although a default judgment can be entered to establish liability, a trial with proper notice is necessary to establish unliquidated damages. Dysart v. An Ultimate Pool Serv. & Repair, Inc., 536 So.2d 387 (Fla. 3d DCA 1989); Lauxmont Farms, Inc. v. Zentner, 514 So.2d 82 (Fla. 5th DCA 1987). As we stated in Buffington v. Torcise, 504 So.2d 490, 491 (Fla. 3d DCA 1987), "[w]hen a claim involves unliquidated damages `[a] defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of [those] damages.'" (quoting Bowman v. Kingsland Dev., Inc., 432 So.2d 660, 663 (Fla. 5th DCA 1983)).
In this case, although appellants received a notice of hearing on the motion for default, they did not receive at least thirty days notice in advance of the hearing on the issue of damages. Fla.R.Civ.P. 1.440(c). Therefore, *1197 the trial court erred in denying appellants' motion to set aside the default judgment on the issue of damages. Accordingly, we affirm the default judgment entered on the issue of liability, set aside the final judgment and remand for a determination of damages.
Affirmed in part, reversed in part and remanded.