688 So.2d 427 (1997)
Adolfo LEVANTE, et al., Appellants,
v.
Christina CORALLO, etc., et al., Appellees.
No. 96-2369.
District Court of Appeal of Florida, Third District.
February 26, 1997.
*428 Conroy, Simberg & Ganon and Hinda Klein, Hollywood, for appellants.
Montero, Finizio, Velasquez & Weissing and Mara Shlackman, Fort Lauderdale, for appellees.
Before JORGENSON, COPE and FLETCHER, JJ.
PER CURIAM.
The Levantes, defendants in a wrongful death suit, appeal from an order denying their motion to vacate a default judgment. We reverse and remand with directions to vacate the default.
The parties were involved in negotiations to settle an insurance dispute. A condition of the settlement was that Ms. Corallo's attorney was to provide an amended death certificate to the Levantes' insurance company; the insurance company was then to tender the policy limits. However, Ms. Corallo initiated a wrongful death action before she produced the amended death certificate. The Levantes' insurance company did not answer the complaint, but instead relied upon the negotiation process. Counsel for Ms. Corallo then sent a letter demanding that the insurance company answer the complaint within six days; this letter was received on the fifth day and default was entered one day later.
Based upon these factsthat the defendants were misled by the plaintiff into believing responsive pleadings were unnecessary due to ongoing negotiationsthe plaintiff may not now obtain a default judgment after such inadequate notice. See Weeks Cartage, Inc. v. CSX Transp., 547 So.2d 237 (Fla. 1st DCA 1989); American Republic Ins. Co. v. Westchester Gen. Hosp., 414 So.2d 1163 (Fla. 3d DCA 1982); Rubenstein v. Richard Fidlin Corp., 346 So.2d 89 (Fla. 3d DCA 1977).
Reversed and remanded.