Order Denying Motion to Dismiss Appeal

KLEIN, J.
The State has appealed a pretrial order granting defendant’s motion to suppress. Defendant’s counsel has moved to dismiss the appeal on the ground that the state has not served the notice of appeal on the defendant personally, as is required by Florida Rule of Appellate Procedure 9.140(c)(3). The failure to serve was because defendant’s address is unknown. We deny the motion.
Rule 9.140(c), which authorizes an appeal by the state to appeal pretrial suppression orders, requires the state to serve copies of the notice of appeal “on the defendant and the attorney of record.” Rule 9.140(c)(3). In this ease the state showed in its certifícate of service that it had furnished a copy of the notice of appeal to “Robert Fuller, Defendant (At Large).” In his motion to dismiss the appeal for failure to serve notice, defendant’s counsel states that defendant’s last known address is a shelter for the homeless. Counsel states that two letters he sent to the shelter were returned, and when he telephoned the shelter, he was advised that defendant had left with no forwarding address on June 7, 2000.
As authority for this court to dismiss the appeal, defendant’s counsel has attached a copy of an unpublished 1992 order of this court dismissing an appeal because the appellee defendant had moved without a forwarding address and had no knowledge of the appeal. We cited Jenkins v. Lyles, 223 So.2d 740 (Fla.1969). In Jenkins, the issue was whether failure to serve the defendant, when the state appeals a criminal case, is jurisdictional, and the Florida Supreme Court held that it was not. In that case the failure to serve was apparently inadvertent, not for the reason that the defendant could not be located, and the supreme court denied dismissal because there had been no prejudice. In a footnote the court stated “Compare State v. Maschek, 147 So.2d 574 (Fla. 3d DCA 1962),” in which the appeal was dismissed in a short opinion showing that the state had not served a copy of the notice of appeal on the defendant whose whereabouts were known when the notice of appeal was filed.
We are unable to determine whether the appeals taken by the state in the above cited cases were from final orders or pretrial orders. We conclude that, in this case, where the appeal is from a pretrial order and the charges are still pending, the defendant had an obligation to let his counsel know where to reach him.[1] To dismiss the appeal would be to reward the defendant for his own dereliction. We therefore conclude that defendant waived any rights conferred by the rule requiring service on him and deny the motion to dismiss.
SHAHOOD and TAYLOR, JJ., concur.

. Defendant’s counsel is not taking the position that he is not counsel representing defen-danl on this appeal.