834 So.2d 305 (2002)
Jerravonnie L. JACKSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D02-1742.
District Court of Appeal of Florida, First District.
December 31, 2002.
Jerravonnie Jackson, pro se, petitioner.
Richard E. Doran, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
By sworn petition, Jerravonnie Jackson seeks belated appeal of an order of the circuit court which denied a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Because we determine that Jackson filed a document which timely invoked his right to appeal, we deny the petition for belated appeal as moot.
By order rendered on February 15, 2002, the circuit court denied Jackson's 3.850 motion. The petition for belated appeal asserts that Jackson made a timely request of his counsel to file a notice of appeal, but counsel failed to do so. On March 11, 2002, Jackson filed a notice of inquiry with the circuit court seeking information about his appeal. This notice was filed within 30 days of the order denying Jackson's 3.850 motion. The notice identified the order to be reviewed and evinced Jackson's intention to appeal that order. The state concedes that Jackson's notice of inquiry was sufficient to timely invoke his right to appeal. Wynn v. State, 557 So.2d 188 (Fla. 1st DCA 1990)(correspondence and pleadings filed within the 30 day appeal period are sufficient to confer jurisdiction on the appellate court). The state also concedes that it will not be prejudiced if the notice of inquiry is treated as a timely notice of appeal. White v. State, 267 So.2d 360 (Fla. 2d DCA 1972) (deficiencies in form or substance in the notice of appeal are not jurisdictional and are not a basis for dismissal of the appeal unless it is clearly shown that the complaining party was misled or prejudiced by the deficiencies).
The clerk of the circuit court is directed to treat the March 11, 2002, notice of inquiry as a timely notice of appeal. A certified copy of the notice of appeal shall be transmitted to this court pursuant to Florida Rule of Appellate Procedure 9.040(g) and the clerk of the circuit court shall file and serve the record on appeal pursuant to rule 9.141(b)(3).
PETITION DENIED.
ERVIN, KAHN and BROWNING, JJ., concur.