GRIFFIN, J.
Calvin Morgan seeks a belated appeal, alleging that state action frustrated his right to a timely appeal. He had earlier appealed the trial court’s denial of his 3.850 motion for post-conviction relief. We reversed in part and remanded the case for further consideration of a sentencing issue. See Morgan v. State, 840 So.2d 1151 (Fla. 5th DCA 2003). The trial court entered a “revised order denying defendant’s motion for post-conviction relief.” This revised order was signed and dated by the circuit judge on April 22, 2003. However, the certificate of service indicated that the order was not served until May 16, 2003. Morgan asserts that he did not receive his copy of the revised order until May 27, 2003. On June 8, 2003, petitioner submitted his petition for belated appeal of the revised order. Morgan has no need of a belated appeal because the time to appeal did not begin to run until the order was rendered, i.e., when the signed, written order was filed with the clerk of the lower tribunal. See Fla. R.App. P. 9.020(h). As Morgan notes, the revised order was not filed with the clerk of the lower tribunal until May 19, 2003. His petition for belated appeal, which was “filed” here under the mailbox rule on June 8, 2003, was timely filed within thirty days of the rendition date of the order to be reviewed. Accordingly, we treat the petition as a timely notice of appeal filed in the wrong court and transfer it to the circuit court. See Fla. R.App. P. 9.040(b)(1); Alfonso v. Dep’t of Envtl. Reg *965 ulation, 616 So.2d 44 (Fla.1993); Jackson v. State, 834 So.2d 305 (Fla. 1st DCA 2002).
PETITION MODIFIED and TRANSFERRED.
SHARP, W., and THOMPSON, JJ„ concur.