855 So.2d 665 (2003)
Riad BOULOS, Appellant,
v.
YOUNG SHENG XIAMEN YONG CHEMICAL INDUSTRY CO., LTD., Supreme Oil and Chemical of Florida Inc., a dissolved corporation, d/b/a Supreme Oil and Chemicals, Inc., and Salim Boulos, Appellees.
No. 4D02-502.
District Court of Appeal of Florida, Fourth District.
September 10, 2003.
*666 Charles D. Franken of Charles D. Franken, P.A., Plantation, for appellant.
Gayle Halligan, Fort Lauderdale, for appellee Yung Sheng Xiamen Yong Chemical Industry Co., Ltd.
TOBIN, VICTOR, Associate Judge.
This appeal arises from a trial court's denial of appellant's motion to vacate a final judgment entered after default was entered. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(5). We are presented with two issues. First, did the trial court abuse its discretion in failing to set aside the default judgment. Second, did the trial court err by awarding unliquidated damages without notice to the defendants. Because we find that the trial court abused its discretion in failing to set aside the default judgment and erred by awarding unliquidated damages without notice, we reverse the final judgment.
The facts in this case are not in dispute. On January 23, 2001 Yusin, Xiamn Yong-Yu Machinery Co. Ltd. ("Yusin") filed a complaint against Supreme Oil and Chemical of Florida ("Supreme"), as well as Riad Boulos ("Boulos") individually, charging that Supreme and Boulos breached their agreement with Yusin to ship certain products to Yusin. Boulos was served with the complaint.
On April 18, 2001 Yusin filed a motion for default and a default was entered by the clerk on April 18, 2001. Copies of the motion and the entry of the default were mailed to Boulos.
In August, Yusin sought leave to amend the complaint without notice to the defendants. The trial court granted the motion and the complaint was amended to the extent that the name of the plaintiff was changed from "Yung Sheng Xiamen Yong Sheng Chemical Industry, Ltd." to "Yusin, Xiamn Yong Yu Machinery Co. Ltd." The *667 amended complaint was never served on the defendants and Yusin never sought a default against the defendants on the amended complaint.
In October of 2001, Yusin sought the entry of a final judgment for damages resulting from Supreme's failure to deliver goods, lost profits, interest, and lost business. Yusin did not provide notice of hearing for entry of a final judgment on either defendant, and on November 5, 2001, the trial court entered an order granting final judgment in favor of Yusin for all damages. With the exception of the damages for loss of business and attorney's fees, the lower court's order was unspecified as to the amounts awarded to Yusin. The order further provided that Yusin was to submit a memorandum in support of its unliquidated claims for damages with respect to which the lower court's order did not set forth an amount to be awarded in the final judgment.
After Yusin submitted its memoranda, the trial court entered an order awarding damages for lost profits. On January 28, 2002 the court entered a final judgment against all defendants in the amount of $100,247.24. No copy of the final judgment was sent to Boulos.
Appellant asserts, and we agree, that the trial court reversibly erred by entering a final judgment for unliquidated damages without first providing notice and an opportunity to be heard on the issue of damages pursuant to Florida Rule of Civil Procedure 1.440(c). Florida Rule of Civil Procedure 1.440(c) provides in pertinent part that in "actions in which damages are not liquidated, the order setting an action for trial shall be served on the parties who are in default."
In Williams v. Direct Dispensing, Inc., 630 So.2d 1195 (Fla. 3d DCA 1994), the third district reiterated that:
[a]lthough a default judgment can be entered to establish liability, a trial with proper notice is necessary to establish unliquidated damages.... When a claim involves unliquidated damages a defaulting party has a due process entitlement to notice and opportunity to be heard as to the presentation and evaluation of evidence necessary to a judicial determination of the amount of those damages.
Id. at 1196 (internal quotations omitted)(quoting Buffington v. Torcise, 504 So.2d 490, 491 (Fla. 3d DCA 1987)); see also Calder v. McNess, 427 So.2d 393 (Fla. 4th DCA 1983).
In this case, at least a portion of the damages sought by and awarded to Yusin were unliquidated. Liquidated damages are those damages that are determinable with exactness from the cause of action as pleaded, by an arithmetical calculation or by application of definite rules of law. Pierce v. Anglin, 721 So.2d 781 (Fla. 1st DCA 1998). In the instant case, the trial court's order which required Yusin to produce the memorandum addressing the damages for lost business could not be determined with exactness from the cause of action as pleaded, by an arithmetical calculation or by application of definite rules of law.
Appellant was not provided notice and an opportunity to be heard at the stage of the proceeding in which the unliquidated damages were determined by the trial court. Therefore, the trial court erred in denying appellant's motion to set aside the default final judgment on the issue of unliquidated damages.
For the reasons stated above, the judgment and order of the district court is REVERSED AND REMANDED as to unliquidated damages.
GUNTHER and TAYLOR, JJ., concur.