942 So.2d 951 (2006)
Marshall DIORIO a/k/a Marshall Foster and Sheila Hauser, Appellants,
v.
Kathleen A. GRANGER, as personal representative of The Estate of Herman Diorio, Appellee.
No. 1D06-0230.
District Court of Appeal of Florida, First District.
November 22, 2006.
Charles A. Curran of Charles A. Curran, P.A., Carrabelle, for Appellants.
Robert J. Telfer, III and Albert T. Gimbel of Messer, Caparello & Self, P.A., Tallahassee, for Appellee.
PER CURIAM.
Appellants, Marshall Diorio a/k/a Marshall Foster and Sheila Hauser, seek review of the trial court's Default Final Judgment and order denying their Motion for Relief from Judgment. We affirm the order denying appellants' motion without further discussion. With respect to the Default Final Judgment, appellants contend that the trial court erred in entering it because they filed a pro se written response to the complaint filed by appellee, Kathleen A. Granger, the personal representative of the estate of Herman Diorio, and, alternatively, that the trial court erred in awarding appellee unliquidated *952 damages and attorney's fees without holding an evidentiary hearing. We reject appellants' argument that the trial court erred in entering the Default Final Judgment but agree that the court should have held an evidentiary hearing on the issue of damages and attorney's fees. See Szucs v. Qualico Dev., Inc., 893 So.2d 708, 711 (Fla. 2d DCA 2005) (holding that the appellant was entitled to a trial on the issue of damages because the damages were unliquidated); Williams v. Direct Dispensing, Inc., 630 So.2d 1195, 1196 (Fla. 3d DCA 1994) (noting that although a default judgment can be entered to establish liability, a trial with proper notice is necessary to establish unliquidated damages); see also Roggemann v. Boston Safe Deposit & Trust Co., 670 So.2d 1073, 1075 (Fla. 4th DCA 1996) (explaining that reasonable attorney's fees constitute an unliquidated item of damages).
Accordingly, the Default Final Judgment is AFFIRMED as to liability but REVERSED as to damages and attorney's fees and the case REMANDED for further proceedings.
WOLF, LEWIS, and THOMAS, JJ., concur.