177 So.2d 260 (1965)
Jerry EGANTOFF, Appellant,
v.
Ann Allen HERRING, Appellee.
No. 6160.
District Court of Appeal of Florida. Second District.
July 7, 1965.
Rehearing Denied August 3, 1965.
Howard C. Hadden, of Hawes & Hadden, Tampa, and C. Ray Smith, St. Petersburg, for appellant.
Marvin E. Barkin, of Fowler, White, Gillen, Humkey & Trenam, Tampa, for appellee.
ANDREWS, Judge.
Defendant Ann Allen Herring moves to dismiss the appeal in this cause on the ground that notice of appeal filed by the plaintiff Jerry Egantoff was not filed within sixty days after the rendition of the judgment.
This is a negligence action which was tried before a jury. At the conclusion of the evidence, the trial judge directed a verdict for the defendant. The verdict was entered on January 5, 1965, in the Circuit Court Minute Book, together with the following statement, "It is, therefore, considered, ordered, adjudged and decreed, that plaintiff, Jerry Egantoff, do by his suit take nothing."
On March 9, 1965 the trial judge signed a formal judgment which concluded with the words "Ordered and adjudged that plaintiff, Jerry Egantoff, by his cause, take nothing from the defendant * * *." The judgment was recorded on March 10, 1965. Notice of appeal was filed April 7th, which is within sixty days of the written, signed and recorded Order of the court, but more than sixty days after the original Minute Book, entry of January 5, 1965. The trial judge did not sign the Minute Book before the end of the term of court.
The Minute Book order was entered pursuant to F.S. 28.21(1), F.S.A. which requires the Clerk of the Circuit Court to keep Minute Books "in which he shall keep regular and fair minutes of all the proceedings of the circuit court, and of the judge, in term, which shall be signed by the judge before the adjournment of each term; * * *." Under F.S. 26.27, F.S.A. the term of court during which the final judgment herein was entered ended on the first Monday of May.
Florida Appellate Rule 3.2(b), 31 F.S.A. provides that appeals shall be commenced *261 within sixty days from the rendition of the final decision order, judgment or decree appealed. Florida Appellate Rule 1.3 defines "rendition" of judgment, decision, order or decree to mean that such has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed.
Accordingly, the Minute Book entry of January 5, 1965 was not appealable in that it did not meet the requirements of Florida Appellate Rule 1.3. The judgment entered on March 9, 1965 complied with the requirements of said Rule.
Motion to dismiss denied.
ALLEN, C.J., and SMITH, J., concur.