189 So.2d 363 (1966)
STATE of Florida ex rel. Ann Allen HERRING, Relator,
v.
Honorable William P. ALLEN, As Chief Judge, and Sherman N. Smith, Jr., George T. Shannon, Charles O. Andrews, Jr., and Woodie A. Liles, As Judges of and Constituting the District Court of Appeal, Second District, State of Florida, and Jerry Egantoff, Respondents.
No. 34716.
Supreme Court of Florida.
May 25, 1966.
Rehearing Denied September 7, 1966.
*364 Morris E. White, Marvin E. Barkin and Fowler, White, Gillen, Humkey & Trenam, Tampa, for relator.
C. Ray Smith, St. Petersburg, and Hawes & Hadden, Tampa, for respondents.
PER CURIAM.
This cause is before us on petition for writ of prohibition to the District Court of Appeals, Second District. Relator, successful defendant in a personal injury action for damages, contends the District Court is without jurisdiction of the appeal by Jerry Egantoff, plaintiff in the damage suit, because the notice of appeal was filed more than sixty (60) days from the order sought to be reviewed.
The directed verdict for defendant was entered on January 5, 1965, in the Circuit Court Minute Book, together with the following statement, "It is therefore, considered, ordered, adjudged and decreed, that plaintiff, Jerry Egantoff, do by his suit take nothing."
On March 9, 1965, the trial judge signed a formal judgment which concluded with the words "Ordered and adjudged that plaintiff, Jerry Egantoff, by his cause, take nothing from the defendant * * *." The judgment was recorded on March 10, 1965. Notice of appeal was filed April 7, which is within sixty (60) days of the written, signed and recorded Order of the Court, but more than sixty (60) days after the original Minute Book entry of January 5, 1965. The trial judge did not sign the Minute Book before the end of the term of Court.
Defendant below, relator, here, moved to dismiss the appeal on the ground it was not filed within sixty (60) days of the judgment. In denying the motion to dismiss the District Court held: (177 So.2d 260 [Fla.App.2d 1965])
"Florida Appellate Rule 3.2(b), 31 F.S.A. provides that appeals shall be commenced within sixty days from the rendition of the final decision order, judgment or decree appealed. Florida Appellate Rule 1.3 defines `rendition' of judgment, decision, order or decree to mean that such has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed.
"Accordingly, the Minute Book entry of January 5, 1965 was not appealable in that it did not meet the requirements of Florida Appellate Rule 1.3. The judgment entered on March 9, 1965 complied with the requirement of said Rule."
We find no error.
The motion to dismiss was properly denied. The rule nisi is discharged and the cause dismissed.
It is so ordered.
THORNAL, C.J., and THOMAS, ROBERTS, DREW, O'CONNELL, CALDWELL and HOBSON (Retired), JJ., concur.