PER CURIAM.
Appellant, plaintiff below, brings this-appeal from a judgment entered pursuant to a jury verdict in favor of appellee City-of Tampa.
Appellee previously moved to dismiss this appeal. In Perez v. City of Tampa, 181 So.2d 571 (D.C.A.Fla.1966), we denied' the motion to dismiss but noted that the-record-on-appeal had not yet been filed' with this Court.
The record-on-appeal has since been-filed, and an examination of that record: *303 reveals that the judgment from which appellant attempts to appeal has not been signed.
Rule 3.2, subd. b, Fla. Appellate Rules, 31 F.S.A., provides that appeals shall be commenced within sixty days from the rendition of the final decision, order, judgment or decree appealed. Florida Appellate Rule 1.3 defines “rendition” of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required,' then filed.
Accordingly, since the judgment from which the appeal is taken is not signed, it fails to meet the requirements of the Florida Appellate Rules and is not appealable. Cf. Egantoff v. Herring, 177 So.2d 260 (D.C.A.Fla.1965).
The appeal is therefore dismissed ex mero motu.
LILES, Acting C. J., and HOBSON and PIERCE, JJ., concur.