ON PETITION FOR REHEARING
PER CURIAM.
Appellant has filed a petition for rehearing and correction of record relating to our Per Curiam opinion dated December 21, 1966, wherein we dismissed the above styled case upon authority of Egantoff v. Herring, Fla.App.1965, 177 So.2d 260, and State ex rel. Herring v. Allen, Fla.1966, 189 So.2d 363, the latter case being the Supreme Court’s affirmance of Egantoff v. Herring, supra.
Petition for rehearing filed herein states :
“3. That a Motion to Reinstate was previously filed herein with certified copy of foregoing attached, said certified copy being made a part hereof. That attached hereto and made a part of this Petition is a copy of the appropriate minute book entries.
“4. That attached hereto and made a part of this Petition is an affidavit, signed by the Appeal Clerk in the lower court, showing that the minute book was in fact signed; that it was signed before the Notice of Appeal was filed, and showing that the signature page was omitted and not forwarded to this Court.”
The petition for rehearing also refers this Court to the case of Bull v. Roy, Fla. *655 App. 1966, 191 So.2d 285, which held that a signed minute hook entry is appealable. Contrary to the petition for rehearing, we do not consider that Bull v. Roy is identical to this case.
The record given to this court by the petition for rehearing shows the original minute book entry for the October Term, 1965, dated December 27, 1965, page 430, followed by another page which is dated December 28, 1965, page 431, which two pages show the judgment in question. These two pages are followed by another page, numbered 438, dated January 4, 1966, on which appears the following:
“It appearing to the Court at this time that there are no further matters to be disposed of, either criminal or civil, except such as can be taken care of at the next regular term, it is, therefore, considered, ordered and adjudged that all causes, motions, informations and all other matters and things now pending in the Civil and Criminal Court of Record, Pinellas County, Florida, not otherwise disposed of, be and the same are hereby continued for the term and to be disposed of at subsequent terms.
“It is further considered and ordered that the October Term of the Civil and Criminal Court of Record, A.D., 1965, does now stand adjourned sine die.
“DONE AND ORDERED IN OPEN COURT, in the City of Clearwater, Florida, this 4th day of January, A.D. 1966.
s/ Robert A. Freeze
Robert A. Freeze, Judge of Civil and Criminal
Court of Record, Pinellas County, Florida.”
The above paragraphs and signature of the judge does not constitute the signature of the judge referred to in Egantoff v. Herring, supra, or State ex rel. Herring v. Allen, supra.
In Egantoff v. Herring, supra, in an opinion written by Judge Andrews, it was stated that the trial judge did not sign the minute book before the end of the term of court. The opinion then said:
"The Minute Book order was entered pursuant to F.S. 28.21(1), F.S.A. which requires the Clerk of the Circuit Court to keep Minute Books ‘in which he shall keep regular and fair minutes of all the proceedings of the circuit court, and of the judge, in term, which shall be signed by the judge before the adjournment of each term; * * Under F.S. 26.27, F.S.A. the term of court during which the final judgment herein was entered ended on the first Monday of May.
“Florida Appellate Rule 3.2(b), 31 F.S.A. provides that appeals shall be commenced within sixty days from the rendition of the final decision order, judgment or decree appealed. Florida Appellate Rule 1.3 defines ‘rendition’ of judgment, decision, order or decree to mean that such has been reduced to writing, signed and made a matter of record, or if recording is not required, then filed.
“Accordingly, the Minute Book entry of January 5, 1965 was not appealable in that it did not meet the requirements of Florida Appellate Rule 1.3. The judgment entered on March 9, 1965 complied with the requirements of said Rule.”
The signature appearing in the record in the instant case, shown on page 438, dated January 4, 1966, which the petition for rehearing seeks to have made into a judgment, was the signature of the Civil and Criminal Court of Record judge in the minute book carrying over all undisposed of matters in the Civil and Criminal Court of Record into the new term. This signature was not a signature which would make the minute book entry a final judgment.
Petition for rehearing is denied.
ALLEN, C. J., and SHANNON and PIERCE, JJ., concur.