193 So.2d 648 (1966)
CITY OF ST. PETERSBURG, Florida, a Municipal Corporation, Appellant,
v.
Paul H. FERGUSON, a Minor, by and through His Father and Next Friend, Harry W. Ferguson, and Harry W. Ferguson, Individually, Appellees.
No. 5998.
District Court of Appeal of Florida. Second District.
September 9, 1966.
On Rehearing January 18, 1967.
*649 Carl R. Linn and Harry I. Young, St. Petersburg, for appellant.
Philip J. Rogers, of Masterson, Lloyd & Rogers, St. Petersburg, for appellees.
PER CURIAM.
Upon examination of the record-on-appeal in the instant case, it appears that the appellant is attempting to appeal to this Court an unsigned Circuit Court Minute Book entry as a final judgment.
This Court held in Egantoff v. Herring, Fla.App., 177 So.2d 260 (1965), that such a Minute Book entry was not a final, appealable judgment.
The Egantoff holding was upheld by the Supreme Court of Florida in State ex rel. Herring v. Allen, opinion filed May 25, 1966, 189 So.2d 363.
For the reasons stated, this appeal is dismissed ex mero motu.
SHANNON, Acting C.J., and LILES and HOBSON, JJ., concur.

ON PETITION FOR REHEARING
LILES, Judge.
The original record-on-appeal showed that the appellant was attempting to appeal an unsigned minute book entry and therefore *650 under the authority of Egantoff v. Herring, 177 So.2d 260 (D.C.A.Fla. 1965), aff'd, State ex rel. Herring v. Allen, 189 So.2d 363 (Fla. 1966), we dismissed the appeal ex mero motu.
Appellant's petition for rehearing shows that the original record-on-appeal which contained the unsigned minute book entry was in error and, in fact, the minute book entry appealed was signed.
We grant the petition for rehearing and determine the appeal on its merits. Cf. Bull v. Roy, 191 So.2d 285 (D.C.A.Fla. 1966).
Appellant, defendant below, appeals from a judgment rendered pursuant to a jury verdict in favor of appellees, plaintiffs below.
Defendant city sponsored a recreational program at Woodlawn Youth Center in St. Petersburg which consisted of activity involving basketball, gymnastics, tumbling and volley ball. Supervisors were provided by defendant city, and the director and head coach was one Samuel Beamer. On November 14, 1961, the minor plaintiff approached Beamer and asked if he could learn a gymnastic trick performed on the horizontal bar known as a "fly-away." Plaintiff was a novice at gymnastics and possessed only the basic skills. This fact was known to Beamer as well as the fact that a fly-away is an advanced trick requiring more than the basic skills. Beamer consented to teach plaintiff the trick. He asked some other boys to act as "spotters" at the front of the bar and instructed plaintiff to mount the apparatus. There is conflict as to whether Beamer was at that point merely teaching plaintiff the proper swing for the trick or whether plaintiff was actually to perform it. In any event, plaintiff slipped from the horizontal bar at the back of his swing, sustaining personal injuries.
Plaintiffs filed an action against defendant city for damages incurred as a result of defendant's alleged negligence in supervising minor plaintiff's activities. The case was tried before a jury which returned a favorable plaintiffs' verdict.
Defendant has raised four points on this appeal. The first deals with the applicability of the doctrine of assumption of risk to this case. Without belaboring the issue, we conclude that the question of assumption of risk was properly submitted to the jury under appropriate instructions. City of Williston v. Cribbs, 82 So.2d 150 (Fla. 1955); Wilson & Toomer Fertilizer Co. v. Lee, 90 Fla. 632, 106 So. 462 (1924).
Defendant's second point questions the use of a text, "A Teacher's Guide for Men's Gymnastics" by one Patrick Yeager, in plaintiffs' cross-examination of Samuel Beamer. The text was identified by two expert witnesses as an authoritative work, and Beamer himself recognized Yeager as an authority in the field. While it is true that such a work cannot be introduced as independent evidence, it has been held in several jurisdictions that an expert witness may be cross-examined as to authoritative works on the subject to which he has testified. 32 C.J.S. Evidence § 574(1). There is some question as to whether Beamer was ever qualified as an expert, but our decision need not be based on such a finding. The record reveals that Beamer recognized Yeager as an authority in the field of gymnastics and that Beamer agreed with the general principles of coaching read to him from Yeager's book. Under these particular circumstances, we find the trial court committed no reversible error in permitting the challenged cross-examination.
Defendant's third point attacks the sufficiency of the evidence to support the verdict. It would serve no purpose to detail all the evidence presented at the trial; we find sufficient evidence warranting the verdict returned.
Defendant's fourth and final point questions the giving of a jury instruction to *651 the effect that defendant had the duty to provide a gymnastic student with safety equipment and devices reasonably necessary for the safety of those lawfully using defendant's facilities. Defendant maintains that there was no evidence to support such a charge. We cannot agree. There was evidence from which the jury could find that the minor plaintiff was a "student" within the meaning of the term and that certain safety equipment was available. Thus, no harmful error resulted from the giving of the questioned instruction.
For the foregoing reasons, the judgment appealed is affirmed.
SHANNON, Acting C.J., and HOBSON, J., concur.