McNULTY, Judge.
In this interlocutory appeal appellants seek to review the trial court’s denial of several motions to quash certain witness subpoenas. It is stipulated that the order appealed from was dictated into the record by the trial judge but that no order or other writing, conforming to the trial judge’s oral ruling, was signed by the judge.
Under the foregoing circumstances the order appealed from is a non-appealable order and therefore this appeal must be dismissed.[1] In Egantoff v. Herring[2] this court held that a judgment, decision, order or decree is not rendered until “such has been reduced to writing, signed and made a matter of record” as required by F.A.R. 1.3, 32 F.S.A. (Italics ours). The only distinction between Egan-toff and this case is that there the court was. talking about a final judgment whereas here we are concerned with an interlocutory order. Such distinction is, however, without ,a substantive difference on the point, since it is the fruition of the judicial act under review, accomplished by its “rendition” as defined by F.A.R. 1.3, which forms the basis of the rationale in Egan-toff. The stage of the proceedings in which such judicial act was rendered is immaterial. This conclusion is fortified by the interlocutory appeal rule, F.A.R. 4.-2(g), which provides that, “Except as modified by this rule the other rules of the Florida Appellate Rules shall apply to interlocutory appeals.”; and nowhere within the provisions of this latter rule is there any departure from the “rendition” requirements of F.A.R. 1.3, supra.[3] Additionally, the clear import of F.A.R. 1.3, is that “rendition” as defined therein shall apply “Throughout [the] rules, unless the context or subject matter otherwise requires * * * ”,[4] and obviously neither the context nor subj ect matter with which we are here concerned requires a different interpretation or application of “rendition” than that contemplated by Egantoff, supra.
Accordingly, this interlocutory appeal is dismissed ex mero motu.
PIERCE, C. J., and LILES, J., concur.

. See, e. g., Perez v. City of Tampa (Fla.App.1966) 191 So.2d 302.

. (Fla.App.1965) 177 So.2d 260. See, also, State ex rel. Herring v. Allen (Fla.1966) 189 So.2d 363, and Braren v. Lawyers’ Realty Abstract Co. of Sarasota (Fla.App.1967) 196 So.2d 244.

. Specifically, see F.A.R. 4.2(b) which provides, “the notice of appeal, * * * shall be filed * * * within thirty days from the rendition of the * * * order, * * * sought to be reviewed.” (Italics supplied)

. See, F.A.R. 1.3, 32 F.S.A. 12 et seq.