ENGLAND, Justice.
This cause is before us on a petition for writ of certiorari to review a decision of the Second District Court of Appeal, reported at 292 So.2d 413, Fla.App., holding that the signed minute book entry of a circuit judge does not constitute a “judgment” for purposes of commencing the statute of limitations. We have jurisdiction under Article V, § 3(b)(3) of the Florida Constitution, based on a direct conflict between the decision below and cases holding that a signed minute book entry does constitute a “judgment” for purposes of commencing the time for an appeal.[1]
This is the seventh lawsuit arising out of an automobile accident which occurred on June S, 1965. The original suit resulted in a $575,000 nonjury verdict on December 12, 1966 for the injured plaintiffs (none of whom are in any way involved in this lawsuit). One of the defendants in that lawsuit, Mary Roughgarden (“Roughgarden”), was insured by the predecessor of respondent here (“Continental”) for two automobiles which were not involved in the accident, but she was not insured for the vehicle involved in the accident. That latter vehicle, which she then owned but which had been used prior to the accident by her son, was insured by him with petitioner here (“Employers”). Four days before the accident Roughgarden’s son had irrevocably relinquished the vehicle to his mother.
Neither Continental nor Employers defended the lawsuit which resulted in the verdict and judgment against Roughgar-den. In March 1967, Roughgarden formally assigned to the plaintiffs in that suit any cause of action which she had against Continental for failure to defend the lawsuit, for failure to settle prior to trial, and for failure to pay the judgment against her. On December 11, 1970, Continental paid those plaintiffs $87,500 in discharge of the judgment against Roughgarden.
On November 8, 1972, Continental brought suit against Employers in the proceeding which is now before us for review, alleging that Continental was only an “excess” carrier and that Employers had been primarily responsible to defend the litigation against Roughgarden. The suit alternatively alleged breach of contract, indemnification and contribution against Employers. The trial judge entered summary judgment for Employers on the ground that the five year statute of limitations began to run on December 12, 1966, the date of the trial court’s signed minute book entry, and that it had expired when this suit was commenced.[2] The Second District *179 Court of Appeal reversed, holding that the statute began to run on November 8, 1967, when the document of Final Judgment was signed by the trial judge and recorded.
The full text of the relevant minute book entry signed by the trial judge at the conclusion of trial on December 12, 1966 reads as follows:
“The Court pronounced the following Verdicts:
******
VIRDICT [sic]
This cause coming on before the Court to be heard upon summary judgments as to the liability of the defendants (the defendant Elmer Riley having been heretofore discharged as defendant in this cause) and the Court sitting as a trier of the fact and having heard the testimony and studied the exhibits exhibited in this cause, and the Court having retired and considered its verdict, the Court does find for the plaintiff ROBERT REA-HARD and against the defendants JAMES H. McCONNELL, as Administrator of the Estate of JACK WILLIAMS, Deceased, and MARY ROUGH GARDEN, and assesses the Plaintiff’s damages at $575,000.00.
This is the verdict of the court.
Dated this 12th day of December, 1966.
HAROLD S. SMITH, Circuit Judge.
Court recessed.
Court reopened on its own motion and found and rendered Judgment on the Verdicts.
The Court ordered Plaintiff’s Exhibits Nos. 14, 15 and 16 returned to the Plaintiff.
Court recessed.
ATTEST: s/ Margaret T. Scott Clerk
s/ Harold S. Smith
Circuit Judge”
The formal judgment document which was signed eleven months later quoted in full the minute book verdict. Additionally, it contained captions with the style and heading of the case, bore the label “Final Judgment”, formally ordered the entry of final judgment for plaintiff against the defendants for $575,000, and added the phrases “for which sum let execution issue. Costs to be hereafter taxed.”
Our review was requested to' resolve whether the statute of limitations against Continental began to run on December 12, 1966, in which case Continental is barred from recovery, or on November 8, 1967, in which case it is not. We hold that the statute of limitations does not bar Continental’s recovery for indemnification or for contribution (if provable), but that it does prevent recovery for breach of contract.
The minute book entry and the Final Judgment document contain the identical information pertinent to the outcome of this money lawsuit, including who won, who lost, and how much was awarded. Because all judicial labor in determining liability and damages was completed when the minute book entry was written, signed, attested, and assigned a book and page number by the clerk, Employers contends that Roughgarden’s liability was fixed, specific and enforceable for purposes of the statute of limitations as of that earlier date. Continental, on the other hand, contends that the “judgment” portion of the minute book entry is incomplete in material particulars (who and how much), that reliance on a formal document of “Final Judgment” is common practice in Florida, and that reliance on the signed minute book entries of the circuit courts would create confusion and uncertainty because of the variant practices of Florida’s 263 circuit judges. Neither party has called to our attention any case law fixing the starting date of a judgment for purposes of a statute of limitations. Both parties argue *180 from decisions fixing- the time for commencement of an appeal.[3]
Our analysis of the pleadings and contentions of the parties, of applicable Florida law, persuades us that the separate bases for Continental’s lawsuit cannot be treated identically. Continental’s attempt to recover from Employers on the legal theories of contribution and indemnification is not barred by the statute of limitations, as these causes of action only arise from the contributor's or indemnitor’s payment (or other satisfaction) on the judgment or debt.[4] The date of payment in this case was December 11, 1970, so that the statute would not act as a bar.[5]
Continental’s cause of action for breach of contract, however, began to 'run when judgment was entered against the defendant Roughgarden.[6] The date of that event necessitates a determination of the date of “judgment”, which is either the signed minute book entry or the formal judgment document. In approaching that issue, we take judicial notice of the wide disparity in the practices of our trial courts as to the time, manner and completeness of minute book entries.[7] The inevitable variations in the way judges complete court minutes suggest that these entries would generally be an unreliable guide by which to measure either appellate or limitations time.[8] On the other hand, we recognize that there is an arbitrary aspect to a measuring event which depends upon the willingness of trial counsel to supply a form called “final judgment” to the trial judge.[9] Weighing one difficulty against the other, it appears to us that a distinction should be drawn between the time for commencing an appeal and the time for commencing a statute of limitations on a money judgment.
With respect to an appeal, the arbitrary delay between a determination of liability and the signing of a judgment *181 document is not a significant cause for concern. The rendition of an adverse money judgment in a lawsuit, and the desire to suspend the effect of the loss as promptly as possible, provide sufficient incentives for counsel to prepare and submit the necessary paper work to end the trial court’s labor and lay the predicate for appellate review. Equally important is the fact that a trial court’s decision is more clearly articulated, and therefore more reviewable, in a final judgment document than in a minute book notation. For these reasons, the time for taking an appeal should be governed by the rendition of a formal document of judgment by the trial judge, pursuant to Fla.App. Rule 1.3, rather than by the signed entry in a minute book.[10]
With respect to limitations, however, a different set of considerations apply. Statutes of limitations are enacted to bar claims which have been dormant for a number of years and which have not been enforced by persons entitled to enforcement. To allow that time period to be expanded by the interval between a final adjudication of liability containing all the information necessary to establish the enforceable right, and the court’s execution of a formal piece of paper called final judgment, would be to extend the statutes unnecessarily by nonuniform lengths of time.[11] For these reasons, we hold that the time period for measuring a statute of limitations commences at the time a litigant’s liabilities or rights have been finally and fully adjudicated. In general this will mean when the presiding judge or clerk records judgment for one party against the other in a specified amount after either a •jury or nonjury trial.[12] In these cases neither the signing of a minute book nor the signing of a document of final judgment are relevant to the liability of one party to the other for a specified amount. The fact of liability can be established for purposes of a limitations defense irrespective of the date on which the minute book entry[13] or the judgment document is signed.
The decision below is reversed for further proceedings consistent with this opinion.[14]
ADKINS, C. J., ROBERTS and OVER-TON, JJ., and CHAPPELL, Circuit Judge, concur.

. Bull v. Roy, 191 So.2d 285, 286 (2d Dist.Ct. App.Fla.1966); Trombley v. Jennings, 189 So.2d 516, 517 (2d Dist.Ct.App.Fla.1966); City of St. Petersburg v. Ferguson, 193 So.2d 648, 650 (2d Dist.Ct.App.Fla.1967); Scaglione v. Best, 196 So.2d 22 (2d Dist.Ct.App.Fla.1967).

. The parties and the courts below have at all times considered that section 95.11(3), Fla. Stat., the five year statute of limitations, controls this litigation. That time span limits actions “upon any contract, obligation or liability founded upon an instrument of writing not under seal.” After oral argument, we asked the parties to brief the applicability of the 20-year statute of limitations on “judgments”. Based on those briefs and our conclusions on the merits of this case, we conclude that the 20-year statute of limitations has no application to this case.

. Under Florida Appellate Rule 1.3, a judgment is rendered when it is reduced to writing, signed and made a matter of record. The parties argue from decisions construing “rendition” for purposes of commencing an appeal.

. Lopez v. Lopez, 90 So.2d 456 (Fla.1956) (contribution); Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (2d Dist.Ct.App.Fla.1969) (indemnity for loss or damage). See also Mack Trucks, Inc. v. Bendix-Westinghouse Automotive Air Brake Co., 372 F.2d 18 (3d Cir. 1966); Chicago, Rock Island & Pac. Ry. v. United States, 220 F.2d 939 (7th Cir. 1955). We are not here concerned, as was the court in Mims, with the doctrine of acceleration in third party practice under Fla.R.Civ.P. 1.170(g) and 1.180.

. The same result- obtains if Continental’s claims are characterized as subrogation, “where the party invoking it has been required to pay a debt for which another is primarily answerable. . . . ” Ulery v. Asphalt Paving, Inc., 119 So.2d 432, 436 (1st Dist.Ct.App.Fla.1960). We need not consider an alternative contention under these legal theories that the three or four year statute of limitations would apply, since the lawsuit was commenced approximately 23 months after Continental’s payment to the injured plaintiffs.

. Continental Casualty Co. v. Florida Power & Light Co., 222 So.2d 58 (3d Dist.Ct.App.Fla.1969).

. We recognize that it is impossible to conduct trial court proceedings five, six or seven days a week and uniformly complete minute book entries at the end of each day. On some days, the judge will simply not be available to sign a minute book even if it is completed by the clerk. On other days, he may inadvertently fail to sign the minute book although the opportunity exists. In some trial courts, the entries for an entire week are signed at one time on Friday afternoon.

. We can foresee, for example, a whole range of legal problems arising from signings on a day subsequent to the day of the actual activity recorded, and from the completeness of the information contained in minute book recitations.

. In this ease, for example, approximately 11 months elapsed after all nonministerial, judicial labor in the litigation had ended. In the preponderance of trial cases, attorneys, on their own or by request, submit the judgment document.

. This result is consistent with Schwenek v. Jacobs, 160 Fla. 352, 33 So.2d 592 (1948), holding that the time for appeal relates to the legal effect of a judgment as tested by the lower court's loss of jurisdiction over the lawsuit. The eases set forth in footnote 1 are overruled. Our previous decision that an unsigned minute book entry cannot be appealed, State ex rel. Herring v. Allen, 189 So.2d 363 (Fla.1966), affirming Egantoff v. Herring, 177 So.2d 260 (2d Dist.Ct.App.Fla.1965), and its progeny are now moot. The application of this decision with respect to the time for taking appeals shall be prospective only, and it shall not affect appeals pending on the date this decision becomes final.

. We recognize that the losing litigant could submit a document of final judgment for court entry immediately after the adjudication of his liability, and thereby commence the statute of limitations. It would be rare indeed, however, for the losing party in a lawsuit to contemplate the statute of limitations immediately following a judicial determination that he is liable to another in some monetary amount. It is more likely that such a litigant would have little interest in returning to the court (for any reason) or incurring additional legal fees for the preparation of an order.

. When post-trial motions are made on a day subsequent to the entry of a jury’s verdict, the presiding judge will ordinarily defer judgment on the verdict until these matters have been resolved.

. For this purpose, the verdict and judgment portions of the minute book may be viewed together for completeness. In this case, for example, all the necessary information is readily available in the minute book under the caption of the case on the date in question, even though some portions appear under the label “verdict” and others are called “judgment”. We agree with the district court below that the traditional final phrases put in Final Judgments, authorizing the issuance of enforcement processes or writs, are without legal significance to the commencement of a statute of limitations.

. Our opinion relates only to money civil suits. We express no opinion on the commencement of statutes of limitations in criminal or nonmonetary civil matters.