PER CURIAM.
By petition for writ of common law cer-tiorari petitioner Mary Matthews seeks review of a judgment of the circuit court *377 sitting in its appellate capacity reversing an order of the Hillsborough County Court. After reviewing the record we hold that the circuit court departed from the essential requirements of law and, therefore, the writ is granted.
Respondent Stefan M. Stein filed a complaint in the county court against petitioner seeking damages. Judgment was entered in favor of petitioner. Respondent subsequently appealed to the circuit court contending that the county court erred in denying his motion to consolidate this case with another case! A thorough search of the record fails to show that a written motion to consolidate was filed in the county court, and more significantly we have not found that an order was entered ruling on the merits of the motion.
Respondent did file an affidavit signed by him with the circuit court in which he averred that a motion to consolidate was orally made to the court and orally denied. On the strength of this affidavit the circuit court entered an order reversing the decision of the county court and directing that the two cases be consolidated and that the parties be afforded a new trial. Petitioner filed this petition for writ of certiorari in this court stating that the circuit court did not have jurisdiction to review the order denying the motion to consolidate for the reason that the order had never been rendered. We agree. This court has held in prior cases in which this question was presented that an order is not rendered until it “has been reduced to writing, signed and made a matter of record” as required by Florida Appellate Rule 1.8.[1] Florida Citrus Commission v. Griffin, 249 So.2d 42 (Fla. 2d DCA 1971); Egantoff v. Herring, 177 So.2d 260 (Fla. 2d DCA 1965).
The petition for writ of certiorari is granted, and the judgment of the circuit court is quashed, and the case is remanded for further proceedings consistent with this opinion.
BOARDMAN, Acting C. J., and RYDER and DANAHY, JJ., concur.

. See also the new Rule 9.020(g), Florida Rules of Appellate Procedure, which defines rendition as “the filing of a signed, written order with the clerk of the lower tribunal.”