OTT, Judge.
In 1979 the court below entered an order respecting the division of the proceeds from the sale of the parties’ marital home, which the wife and children had occupied pursuant to the stipulated judgment entered in this dissolution proceeding in 1966. We reverse the order because it is contrary to the stipulation.
The essential difference between the stipulation and the order is that in the order the husband is given credit for taxes, insurance and mortgage payments which he made during the years his children occupied the residence. The stipulation, however, required him to make those payments, along with nominal sums as permanent alimony and child support. Further, express provision was made for an equal division of the net proceeds (sales price less mortgage payoff) should the property be sold, or payment by the husband to wife of half the net equity (appraised fair market value less mortgage) should he elect to keep the property. Under those circumstances, the rules which govern the reimbursement of outlays by a tenant in common, in the absence of agreement,[1] are not applicable here. The clear intent of the stipulation was to obligate the husband to provide a home for his children, and to permit wife to live there so long as they required her care. Any notion that he would some day be reimbursed for doing so was effectively negated by the provisions of the stipulation.
The order also gives the husband credit for certain repairs he defrayed over the years. The stipulation is silent as to repairs, and we think the order does substantial justice in that regard.
Both here and in the trial court the parties argue at great length about the effect of a comment made by a judge following a hearing in 1977, shortly after the last of the parties’ children had moved from the house and thus terminated the wife’s right to sole possession of the premises. Before leaving the bench after that hearing, the judge observed that in his opinion the husband should receive credit for half the amount by which the principal of the mortgage had been reduced.
Had an order been entered to that effect, it would have been subject to the same fate as the one at bench. The fact of the matter, however, is that no such order was ever prepared, signed, or filed. Not long thereafter that judge retired, and nothing more was done in the case until the proceedings that culminated in the present order. A different judge was then assigned to hear the case, and his discretion was in no way circumscribed by the reasoning of his predecessor. The comments in 1977 were simply that, and they were totally incompetent as an actual order or judgment. Matthews v. Stein, 362 So.2d 376 (Fla. 2d DCA 1978).
The order is REVERSED with instructions to the trial court to enter an order in conformity with the 1966 stipulation of the parties, viz., husband must pay to wife one-half the amount by which the fair market value of the home exceeded the principal balance of the mortgage on the date that wife’s right to sole possession terminated permanently.[2] Against that obligation, the *1010 husband shall have credit for only two items: (1) half the sum by which the amount he paid for repairs exceeds the amount wife paid for repairs, and (2) the reasonable rental value of the premises for the period, if any, wife continued in possession after her right to do so had terminated.
BOARDMAN, A. C. J., and GRIMES, J., concur.

. See, e. g., Spikes v. Spikes, 396 So.2d 1192 (Fla. 2d DCA 1981) and Smith v. Smith, 390 So.2d 1223 (Fla. 4th DCA 1980).

. At a hearing in 1977 husband asserted that his son, who did not become eighteen until April 13, 1977, had left the home in November of 1976. The trial court is better situated than we to determine from whatever evidence is presented whether wife was still providing a home after November, 1976, for the son, whose absence may have been thought to be only temporary.