PER CURIAM.
When this protracted litigation was last before our court in Wilkinson v. Wilkinson, 403 So.2d 1008 (Fla. 2d DCA 1981), we held:
The order is REVERSED with instructions to the trial court to enter an order in conformity with the 1966 stipulation of the parties, viz., husband must pay to wife one-half the amount by which the fair market value of the home exceeded the principal balance of the mortgage on the date that wife’s right to sole possession terminated permanently.[2] Against that obligation, the husband shall have credit for only two items: (1) half the sum by which the amount he paid for repairs exceeds the amount wife paid for repairs, and (2) the reasonable rental value of the premises for the period, if any, wife continued in possession after her right to do so had terminated.
403 So.2d at 1009-10. At the hearing following remand, the husband successfully contended that because custody of the par *205 ties’ last son had been awarded to him on December 20, 1973, the wife’s right to sole possession of the home terminated permanently on that date. The court deemed irrelevant the fact that custody was thereafter reawarded to the wife and that the son physically moved his residence back and forth between the homes of the parties several times during the pertinent period.
We need not decide whether the court properly interpreted the original stipulation. Because of the posture of the case at the time and the position taken by the husband in prior proceedings, our reference in footnote 2 to the need to determine whether the wife was providing a home for the son after November, 1976, was advisably made. Consequently, the court’s ruling went beyond our instructions. We will, however, give the husband the benefit of the court’s findings to the extent that they are within the scope of the remand.
We reverse the order with directions to enter a new order containing computations predicated upon the determination that the wife’s right to sole possession of the home terminated permanently on November 30, 1976.
OTT, C.J., and BOARDMAN and GRIMES, JJ., concur.

 At a hearing in 1977 husband asserted that his son, who did not become eighteen until April 13, 1977, had left the home in November of 1976. The trial court is better situated than we to determine from whatever evidence is presented whether wife was still providing a home after November, 1976, for the son, whose absence may have been thought to be only temporary.