485 So.2d 15 (1986)
Robert S. SPRINGER, Appellant,
v.
FLORIDA DEPARTMENT OF NATURAL RESOURCES, Appellee.
No. 85-1616.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Walton & Garrick, and Edward Walton, Miami, for appellant.
Charles R. McCoy, Asst. Gen. Counsel, for appellee.
Before HENDRY, HUBBART and NESBITT, JJ.
PER CURIAM.
The final order of dismissal under review is reversed as to Counts I and II of the counterclaim herein, affirmed as to Count III of the said counterclaim, and the cause is remanded to the trial court for further proceedings. We reach this conclusion based on the following, briefly stated legal analysis.
First, Count I of the counterclaim states a valid cause of action sounding in conversion against the counter-defendant Florida Department of Natural Resources based on an alleged wrongful seizure of the counter-plaintiff Robert S. Springer's boat by the said counter-defendant, unaccompanied by any subsequent forfeiture proceedings. We specifically hold, in this connection, that this claim is not barred by the defense of sovereign immunity. See Trianon Park Condominium Association v. City of Hialeah, 468 So.2d 912 (Fla. 1985); Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); § 768.28(1), Fla. Stat. (1983); accord City of Miami Beach v. Bules, 479 So.2d 205 (Fla. 3d DCA 1985).
Second, Count II of the counterclaim states a valid cause of action for replevin of the above-stated boat. This is a proper cause of action based on the facts pled therein. See Lamar v. Universal Supply Co., 452 So.2d 627 (Fla. 5th DCA 1984).
Third, Count III of the counterclaim fails to state a cause of action either for civil theft or a RICO violation as, in our view, such claims cannot lie against the state or its subdivisions. See §§ 812.035(7), 895.03, Fla. Stat. (1983).
Affirmed in part; reversed in part and remanded.