526 So.2d 121 (1988)
Michael G. McDERMOTT and Barbara A. McDermott, Husband and Wife, Appellants,
v.
The CITY OF CLEARWATER, Appellee.
No. 87-699.
District Court of Appeal of Florida, Second District.
May 4, 1988.
Rehearing Denied June 8, 1988.
*122 William P. O'Malley, Clearwater, for appellants.
M.A. Galbraith, Jr., City Atty., Clearwater, for appellee.
HALL, Judge.
The appellants, the McDermotts, the plaintiffs below, appeal from the trial court's order denying their motion for attorney's fees. The appellants contend that they were entitled to attorney's fees based upon the city's offer of judgment. We do not agree.
The record reflects that the appellants filed a three-count complaint against the city for its action in cutting down and destroying a large tree on their property on or about August 15, 1985. Thereafter, the city filed motions to dismiss and to strike the appellants' complaint. These motions, along with motions filed by the appellants, were heard on March 25, 1986. At this hearing the trial court orally dismissed count III of the appellants' complaint with leave to amend. Later that day the city served an offer of judgment on the appellants, based on the remaining counts of the complaint. On March 26 the city attorney sent a letter to the trial judge enclosing a proposed order reflecting the judge's ruling of March 25. The attorney for the appellants responded to that letter on March 27, objecting to the proposed order of the city and enclosing his own order. Both orders reflected the dismissal of count III. The trial judge signed the city's order on April 1, 1986. On April 2, 1986, the appellants filed a second amended complaint basically realleging count III. On April 4, 1986, they accepted the offer of judgment and filed a proof of service of notice of acceptance of the offer of judgment in which their attorney swore that he received the offer on the 25th day of March 1986 and that he accepted it within ten days. The offer of judgment specified the amount of damages as $1,001, together with costs accrued to the date of the offer.
The parties agree that the appellants are only entitled to attorney's fees under count III, a claim for inverse condemnation against the city.
On April 8, 1986, the trial court entered a judgment on the offer and acceptance in which it reserved jurisdiction to fix and assess costs upon appropriate motion to tax costs. The appellants thereafter filed a motion to tax costs requesting attorney's fees in the amount of $5,530 and costs in the amount of $76.50.
The trial court entered an order on the appellants' motion in which it found that the offer of judgment was silent as to whether attorney's fees were to be a part of the costs specified therein and that at no time up until the filing of the motion to tax costs did the appellants make any claim for attorney's fees. The court therefore found that the appellants were only entitled to costs in the amount of $76.50.
We agree with the learned trial judge's order. Neither the correspondence between the parties, the offer of judgment, the acceptance thereof, nor any of the proposed orders or orders entered by the trial court contemplated the payment of attorney's fees by the city as part of the costs provided for in the offer of judgment. At the time the city made its offer of judgment, March 25, 1986, the trial court had orally dismissed count III.[1] Therefore, it is clear that the city did not intend to offer judgment on count III, as it considered that count to no longer be a part of the complaint. And, as noted previously, the parties agreed that count III was the only count pursuant to which the appellants would have been entitled to attorney's fees.
Although we recognize that section 73.091, Florida Statutes (1987), provides for a petitioner to pay attorney's fees as part of the costs incurred in an eminent domain proceeding, we do not feel that this statute is applicable in the instant case. The trial *123 judge impliedly found in his order on the appellants' motion to tax costs that the parties did not intend to include attorney's fees as part of the costs provided for in the offer of judgment. We agree. Furthermore, we believe it would be inequitable to allow the appellants to collect attorney's fees based on an offer of judgment which was extended at a time when the only count allowing attorney's fees had been orally dismissed by the court.
Affirmed.
THREADGILL, J., concurs.
PARKER, J., dissents with opinion.
PARKER, Judge, dissenting.
I respectfully dissent.
The offer of judgment which was tendered by the city on March 25, 1986, stated:
OFFER OF JUDGMENT
Defendant, pursuant to Fla.R.Civ.P. 1.442, files this its Offer of Judgment in the amount of $1,001.00 together with costs accrued to the date of this offer. This offer must be accepted within ten (10) days of service or be deemed withdrawn in accordance with Rule 1.442.
At the time of the city's offer of judgment, the McDermotts' three-count amended complaint was pending, with count I sounding in tort, count II alleging civil theft, and count III stating a claim for inverse condemnation.[1] On April 1, 1986, the trial court entered an order denying the city's motion to dismiss count II, but granting its motion to dismiss count III, with leave for the McDermotts to amend the complaint within 20 days.[2]
On April 2, 1986, the McDermotts filed a second amended complaint, which restated a cause of action under count III for inverse condemnation. The McDermotts accepted the city's offer of judgment on April 4, 1986, and the trial court subsequently entered a judgment on the parties' offer and acceptance. At a hearing on the McDermotts' motion to tax costs, the trial court denied their request for attorney's fees, awarding only costs in the amount of $76.50.
Although the city's offer contains no reference to attorney's fees, it does provide for costs in addition to the specified dollar amount. Statutory fees are treated as costs for purposes of rule 1.442, Florida Rules of Civil Procedure, regarding offers of judgment. See River Road Construction Co. v. Ring Power Corp., 454 So.2d 38, 42 (Fla. 1st DCA 1984) (Booth, J. dissenting). In River Road, the majority opinion acknowledges the sharp distinction which has been drawn in the case law between an entitlement to attorney's fees pursuant to a contract and such a right predicated upon a statute, when no mention of attorney's fees is contained in the offer of judgment. As stated by the first district in Encompass Incorporated v. Alford, 444 So.2d 1085, 1086-87 (Fla. 1st DCA 1984), review denied, 453 So.2d 43 (Fla. 1984), "unless the offer and acceptance affirmatively indicate that the amount specified in the offer is to include attorney's fees, the plaintiff by accepting the offer, is not precluded from seeking attorneys fees to which he may be entitled by statute." (citing Parliament Insurance Co. v. That Girl In Miami, Inc., 377 So.2d 1011 (Fla. 3d DCA 1979)). See also Seminole Colony, Inc. v. Stanko, 501 So.2d 195 (Fla. 4th DCA 1987). In contrast, where the entitlement to attorney's fees is pursuant to a contract provision, the courts have held that if the offer and acceptance are silent as to attorney's fees, an award of such fees is not allowable. *124 River Road; George v. Northcraft, 476 So.2d 758 (Fla. 5th DCA 1985).
The McDermotts are entitled to attorney's fees as the "prevailing party" under section 73.091, Florida Statutes (1987)[3], pursuant to their claim for inverse condemnation. See Fla.R.Civ.P. 1.442. At all material times from the McDermotts' initial filing of the first amended complaint to the entry of judgment on the parties' offer and acceptance, the McDermotts have continued to assert a claim for inverse condemnation.
I cannot find that the one-day interval in which the inverse condemnation count (III) was not pending, i.e., April 1 to April 2, 1986, operated in such a manner as to exclude that claim from the city's previously tendered offer. At the time that count III was dismissed, the parties were on notice that the complaint could be amended to reallege that claim. If the city's intention was that its offer not include such a claim, it should have so stated in the written offer of judgment. See BMW of North America, Inc. v. Krathen, 471 So.2d 585 (Fla. 4th DCA 1985) (analogizing a judgment entered pursuant to Fla.R.Civ.P. 1.442 to a consent judgment, which is considered to be in the nature of a contract, the court limited the construction of the Rule 1.442 judgment to its plain, unambiguous language).
I disagree with the majority that it is clear that the city did not intend to offer judgment on count III. How can it be clear if the offer of judgment does not so state? As stated in Krathen, 471 So.2d at 588, "The offer of judgment did not involve a complex transaction. The terms were few and easily understood. Thus, the omission of what is now claimed to be an essential term, cannot be characterized as a minor, inadvertent error. On the contrary, it evidences a total lack of forethought and such poor draftsmanship as to be well below accepted professional standards."
The trial court, in its order denying the McDermotts' request for attorney's fees, noted that "Neither the offer, the notice of acceptance nor the proposed judgment indicated that a reasonable attorney's fee also was to be awarded to the plaintiffs and the judgment entered on April 8, 1986, made no reference to the court fixing and assessing attorney's fees as an element of the costs agreed to be paid by the defendant." That statement, in my opinion, bespeaks the problem with the trial court's decision not to grant the McDermotts attorney's fees and the city's offer of judgment, which is that the lack of reference to attorney's fees in the offer operates against the city as the offeror and not the converse. This is because, as previously stated, the present state of the law allows the McDermotts to recover attorney's fees as part of the costs of an inverse condemnation action. Alford. Once tendered, the city's offer must be accepted in the same manner as tendered, rejected, or deemed rejected after 10 days. The McDermotts opted for acceptance. The trial court and appellate court should not have to speculate upon what was in the mind of the city when it tendered its offer of judgment, during a time in which the inverse condemnation claim was clearly asserted as part of the McDermotts' complaint.
NOTES
[1] "An order is usually considered rendered when it is pronounced by the judge in open court. Such order is the true order and its reduction to writing is merely for the purpose of completeing the record and of providing a predicate for execution or appeal." Wheeler Fertilizer Co. v. Rogers, 49 So.2d 83, 87 (Fla. 1950): Sparkman v. McClure, 498 So.2d 892 (Fla. 1986).
[1] The parties concede that there can be no recovery or attorney's fees as to count I. While the McDermotts on appeal do not concede that they have no right to attorney's fees under count II of their complaint, any such argument is academic since there can be no action for civil theft (count II) against the city under section 812.035(7), Florida Statutes (1987). Springer v. Florida Dept. of Natural Resources, 485 So.2d 15 (Fla. 3d DCA 1986), review denied, 492 So.2d 1331 (Fla. 1986).
[2] Even if, as the city asserts, the trial court had orally announced a dismissal of count III before the offer of judgment, which is not clear from this record, the order of dismissal cannot be deemed rendered until "such has been reduced to writing, signed and made a matter of record." Florida Citrus Commission v. Griffin, 249 So.2d 42 (Fla. 2d DCA 1971) (quoting Egantoff v. Herring, 177 So.2d 260 (Fla. 2d DCA 1965)). See also Matthews v. Stein, 362 So.2d 376 (Fla. 2d DCA 1978).
[3] Section 73.091, Florida Statutes (1987) provides in pertinent part:

[T]he petitioner shall pay all reasonable costs of the proceedings in the circuit court, including, but not limited to, a reasonable attorney's fee... .