WENTWORTH, Judge.
Claimant seeks review of a workers’ compensation order by which the judge of compensation claims (JCC) reinstated a temporarily vacated settlement agreement between the parties on the basis that it was final as of the date of the settlement hearing, and by which the JCC directed the parties to execute the agreement and forward it to him for approval. We reverse, concluding that the agreement was not final at hearing and never became so.
Claimant sustained a compensable injury to her back in 1981. In late 1988, the employer/carrier and claimant agreed to settle her pending claims. A hearing was held before the JCC on 11/22/88, at which time claimant testified that her attorney *1202 had explained to her that the agreement represented a “final and complete settlement” of her compensation benefits. However, the language of the agreement was not dictated into the record at hearing, and claimant’s attorney noted that a written stipulation “of what we agreed to today and what the [JCC] will approve” would be worked up by the employer/carrier for the signatures of all of the parties after the hearing. In response, the JCC stated, “However, the settlement is final as of now, as of today.”
Subsequent to the hearing, claimant filed a motion to vacate the settlement agreement on the grounds that she had received additional information indicating that her medical condition was worsening, and the JCC temporarily vacated the agreement so as to allow the parties a hearing on the issue. After this second hearing the JCC vacated his prior order, concluding that the settlement was final as of the date of the original hearing, with no element such as mutual mistake shown by the claimant which would render the agreement void.
It is clear from the record that the parties neither reduced the settlement agreement to writing prior to the 11/22/88 hearing, nor dictated the agreement into the record at that hearing. It is also clear that the parties expected that the employer/carrier would prepare a written agreement to be signed by them and submitted for approval by the JCC. The judge’s expression as to finality on the date of hearing might reasonably have supported a provision for retrospective effectiveness if the agreement had ever been written and signed or read into the record, but absent those facts the JCC erred in finding that the agreement was final at hearing and denying claimant’s motion for relief. Fla. W.C.R.P. 4.130. See Ruland v. A.D. Weiss Lithograph Co., IRC Order 2-2898 (December 15, 1975); cf. Woolco Dept. Store v. Nelson, IRC Order 2-3430 (May 11, 1978). (Settlement agreement was considered “consummated in full” and binding as of the date of hearing where the agreement had been explained to and agreed to by the claimant, dictated into the record, and approved by the judge of industrial claims at hearing.)
Reversed.
SMITH and WIGGINTON, JJ., concur.