WENTWORTH, Senior Judge.
This is an appeal from an order of a judge of compensation claims which denied the appellant employer/carrier’s motion to vacate an Amended Order of March 20, 1990. The motion asserted lack of jurisdiction on that date to alter the substance of the original February 9 order under § 440.25(4)(a), Florida Statutes, providing *887 for finality of orders 30 days after mailing to the parties.
We affirm for reasons other than those stated in the appealed order[1] because we find that, at a February 16 hearing on petition for rehearing of the original order, the judge effectively vacated that order.[2] Accordingly, the original February 9 order could not thereafter have been appealed or become final under the statutory terms, and the judge retained jurisdiction to enter the March 20 order.
The record presented here on the motion to vacate clearly supports the foregoing analysis of the judge’s pronouncement at the February 16 hearing. The absence of a transcript of the earlier hearing is therefore not fatal to our disposition of the appeal. In the transcript that is before us both counsel acknowledged on the record, without material conflict,[3] the colloquy at the prior hearing. Appellant’s attorney summarized the judge’s ruling at that hearing as follows:
... [W]e specifically sat here and discussed the changes that you [the judge] wanted in the order and I wrote them down.... I would like to make sure that a copy of my forwarding letter sending the amended order within the thirty day time period is ... entered.
The amended order was not signed within the stated period, but on its face it is not a mere amendment dependent for completeness on the prior order. It does not even rely on incorporation of that order by reference, although that may arguably not create a problem, but instead stands independently and within its “four corners” disposes of all merits of the claim, including at least one substantive ruling at variance with the language of the initial order.[4] Decisions with respect to untimely amendments of orders which have not been vacated therefore do not control.[5]
Affirmed.
SHIVERS, C.J., and ERVIN, J., concur.

. The order recites a "duty to make corrections ... so as to achieve substantial justice," and inappropriately finds "a petition to modify pursuant to Fla.Stat. 440.28 to correct a mistake of fact ... was made a part of the workers’ compensation law to correct this type of mis-take_” The order does, however, incorporate the judge’s pronouncements at the February 16 hearing that the original order "went beyond the instructions” for its preparation, a pronouncement necessarily intended, in conjunction with new instructions, as vacating the original order.

. Except to the extent explicitly altered by rule or statute, "an order ... pronounced by the judge in open court ... is the true order and its reduction to writing is ... for the purpose of ... providing a predicate for execution or appeal.” McDermott v. City of Clearwater, 526 So.2d 121, 122, n. 1 (Fla. 2d DCA 1988), citing Wheeler Fertilizer Co. v. Rogers, 49 So.2d 83, 87 (Fla.1950). This court has recognized that principle in the context of settlement agreements under Chapter 440, Florida Statutes, recognized as "binding as of the date of hearing” with retrospective effectiveness when fully articulated on the record "and approved by the judge ... at hearing.” See Clark v. Diamond Restaurant, 564 So.2d 1201 (Fla. 1st DCA 1990), concluding against such effectiveness when particular terminology of the requisite written agreement remained executory because it was to be "worked up" after the hearing, and therefore was not fully set out orally on the record at hearing. A later written order will, of course, ordinarily be contemplated whether or not a judge’s ruling on the record is fully defined and effective for many purposes at the time of hearing as in the present case.

. Any conflict which may exist as to ambiguity in the judge’s original directions no longer has relevance here.

. The appealed order references the hearing on claimant’s motion (to vacate or rehear the February 9 order) where "the undersigned made a finding that the claimant in fact had a permanent physical impairment,” contrary to the initial order stating “claimant had no permanent physical impairment,” as a predicate for the PTD claim, ultimately denied on other grounds.

. Appellant accurately references prior rulings that:
A Judge of Compensation Claims has no authority to vacate an order which has become final_ Section 440.25(4)(a), Florida Statutes, provides that a compensation order rendered by the Judge of Compensation Claims *888 shall become final 30 days after the mailing of copies of such order to the parties.... [A] Judge of Compensation Claims can withdraw an order at anytime before an appeal is filed within the 30 days before the order becomes final. Zahorian v. Department of Transportation, 436 So.2d 355 (Fla. 1st DCA 1983) [or] ... before the order becomes final, to correct errors arising from inadvertence, mistake or excusable neglect.