PER CURIAM.
The plaintiff-appellee, a professional singer, recovered damages for breach of a contract to promote the plaintiffs recordings and for “civil theft” of a master tape which was involved in the agreement. We reverse the breach of contract award because, as a matter of law, the plaintiff did not establish that he would have profited in any way even if the agreement had been performed, see A & P Bakery Supply & Equip. Co. v. Hawatmeh, 388 So.2d 1071 (Fla. 3d DCA 1980), and the judgment under the theft statute because the record shows, at most, a bona fide dispute over the right to the property in question, and thus negates the wrongful intent required to sustain a claim for theft. See Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157 (Fla. 3d DCA 1984); Rodriguez v. State, 396 So.2d 798 (Fla. 3d DCA 1981); see also Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA 1986), review denied, 494 So.2d 1151 (Fla.1986). Accordingly, the judgment below is reversed with directions to enter judgment for the appellants.
Reversed.
Upon consideration, appellee’s motion for clarification is granted. The decision in this cause does not affect the unchallenged ruling below that the appellee is entitled to return of the tapes in question. The appellants’ motion for appellate attorney’s fees and costs is denied. SCHWARTZ, C.J., NESBITT and COPE, JJ., concur.