JOANOS, Judge.
Appellant, Walter L. Smith, appeals from orders dismissing his third amended complaint as to the State Board of Regents, the State Comptroller, and the Capital City Bank. We affirm.
*349 The complaint alleged that the appellant, Walter L. Smith, the immediate past president of Florida A & M University (“FAMU”), had a contract of employment to work as Director/Tenured Professor at FAMU; that Smith received written authorization for paid annual leave from August 9, 1991, through August 30, 1991; that the President of FAMU, Frederick Humphries, knew that Smith had received written authorization for the paid annual leave; that Hum-phries viewed himself as a professional rival of appellant, and was deeply upset at the award to Smith of a role in a higher education project in the Republic of South Africa. Smith further alleged that on August 22, 1991, his regular paycheck in the amount of $2,179.10 was deposited by direct deposit in his Capital City Bank account; that Hum-phries instructed his subordinates to have the $2,179.10 withdrawn; that pursuant to his directions, the State Comptroller’s office was called and subsequently the $2,179.10 was withdrawn from the account by Capital City Bank.
In Counts I through IV of his third amended complaint, Smith alleges civil theft by the four defendants: Humphries, the Florida Board of Regents, the Capital City Bank, and the Comptroller of the State of Florida, Robert Milligan. In Count V, Smith alleged negligence on the part of Humphries. In Count VI, he alleged negligence on the part of the Board of Regents, and in Count VII, on the part of the Capital City Bank. Pursuant to motions to dismiss, the trial court dismissed with prejudice • all counts against all defendants except Humphries. The proceeding continues in the trial court as to Humphries, individually.
The civil theft and negligence counts were properly dismissed, in part, because no facts were alleged to the effect that the Board of Regents, the Comptroller, or Capital City Bank harbored any evil intent as far as their actions were concerned, or that these entities had knowledge that Smith was entitled to the funds in question. See Lewis v. Heartsong, Inc., 559 So.2d 453, 454 (Fla. 1st DCA 1990); Sanchez v. Encinas, 627 So.2d 489, 490 (Fla. 3d DCA 1993); City of Cars, Inc. v. Simms, 526 So.2d 119, 120 (Fla. 5th DCA), review denied, 534 So.2d 401 (Fla.1988). Although the subject order does not set forth the trial court’s reasons for dismissal of the state agencies, dismissal could have been properly based on the state’s immunity from suit for damages pursuant to section 772.19, Florida Statutes, and the fact that state agencies are not persons within the meaning of section 812.014, Florida Statutes, the theft statute. See Springer v. Florida Department of Natural Resources, 485 So.2d 15 (Fla. 3d DCA 1986), review denied, 492 So.2d 1331 (Fla.1986). Even if Humphries’s acts were imputed to the state agencies, the civil theft claims would be barred, because the state has not waived its sovereign immunity with respect to willful and malicious acts.
Further, we conclude Smith’s tort action against the Board of Regents and Capital City Bank was precluded by the economic loss rule. Smith had an employment contract with the Board of Regents, and a deposit contract with Capital City Bank. “Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from acts that breached the contract.” HTP, Ltd. v. Lineas Aereas Costarricenses, S.A., 685 So.2d 1238 (Fla.1996). See also Ferguson Transportation, Inc. v. North American Van Lines, Inc., 687 So.2d 821 (Fla.1996). Smith did not allege a tort separate and independent from the contracts with respect to the Board of Regents and Capital City Bank. See Ginsberg v. Lennar Florida Holdings, Inc., 645 So.2d 490, 494-495 (Fla. 3d DCA 1994), review denied, 659 So.2d 272 (Fla.1995); Kay v. Katzen, 568 So.2d 960 (Fla. 3d DCA 1990).
Smith has also' argued that section 772.19, Florida Statutes, is unconstitutional. This provision states: “No damages shall be recoverable under this [dvil theft] chapter against the state or its agencies, instrumen-talities, subdivisions, or municipalities.” Smith urges the statute violates the due process and equal protection requirements of the federal and state constitutions. We reject the argument under the circumstances alleged in this case. Florida has not waived *350 its original sovereign immunity as to acts done maliciously or in bad faith, as alleged in the complaint here on review. See § 768.28(9)(a), Fla.Stat. Section 772.19 preserves sovereign immunity from damages caused by such acts.
Accordingly, the trial court’s orders of dismissal are affirmed.
ON MOTION TO ACCEPT MOTION FOR CLARIFICATION AND MOTION FOR CLARIFICATION
Counsel for the State appellees has filed a motion requesting that we accept their untimely motion for clarification of the opinion issued in this cause on June 25, 1997. The motion for clarification was filed one date after expiration of the period for filing such motion. We grant the State appellees’ motion to accept their motion for clarification.
In their motion for clarification, State ap-pellees ask that we strike footnote one of the opinion, as unnecessary to the decision. We agree, and grant the State appellees’ motion for clarification. Therefore, we direct that footnote one shall be stricken from the opinion.
BOOTH and WOLF, JJ., concur.