PER CURIAM.
 

 The Florida Mobile Home Relocation Corporation (FMHRC) seeks second-tier certiorari review of an order of the circuit court, sitting in its review capacity, that reversed FMHRC’s decision requiring Respondent August Spreng to reimburse FMHRC $2,750.00 for relocation financial assistance that FMHRC had provided to a mobile home purchaser pursuant to section 723.0612(1), Florida Statutes (2007). We have jurisdiction. Art. V, § 4(b)(3), Fla. Const.; Fla. R.App. P. 9.030(b)(2)(B).
 

 The circuit court’s first-tier review of administrative action is three-pronged. Under this review, the circuit court was limited to determining whether the agency provided procedural due process, observed the essential requirements of law, and supported its findings with competent substantial evidence.
 
 Miami-Dade County v. Omnipoint Holdings, Inc.,
 
 863 So.2d 195, 198-99 (Fla.2003);
 
 City of Deerfield Beach v. Vaillant,
 
 419 So.2d 624, 626 (Fla.1982).
 

 As a threshold matter, FMHRC contends that the circuit court did not observe the essential requirements of law, in that Respondent Spreng (the petitioner in the circuit court) did not timely file his petition for writ of certiorari, and the circuit court thus lacked jurisdiction to address Spreng’s grievances. We note that although jurisdiction was not challenged in the circuit court, the issue of the timeliness of a petition is jurisdictional and cannot be waived.
 
 State v. Lozano,
 
 616 So.2d 73, 74-75 (Fla. 1st DCA 1993);
 
 Hofer v. Gil De Rubio,
 
 409 So.2d 527, 528 (Fla. 5th DCA 1982). “District courts apply a two-prong test on second-tier certiorari review: whether the circuit court applied the correct law and whether the circuit court afforded procedural due process.”
 
 State, Dep’t of Highway Safety & Motor Vehicles v. Edenfield,
 
 58 So.3d 904, 906 (Fla. 1st DCA 2011). The parties agree that the law requires a party seeking certiorari relief to file the petition within 30 days after the rendition of the order to be reviewed. Fla. R.App. P. 9.100(c)(1). “An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.” Fla. R.App. P. 9.020(e) & (h);
 
 Matthews v. Stein,
 
 362 So.2d 376, 377 (Fla. 2d DCA 1978). The parties disagree, however, concerning whether FMHRC’s Board’s oral ruling of August 10, 2007, was ultimately rendered and, if so, when the rendition occurred and whether Spreng received whatever notice procedural due process required under the facts. Because the record before us does not include a rendered order, and the petition filing deadline is jurisdictional,
 
 see Jones v. Cannon,
 
 750 So.2d 108, 109 (Fla. 1st DCA 1999), we grant FMHRC’s petition for writ of certio-rari, quash the circuit court’s order, and remand for the circuit court to determine whether Spreng timely filed his petition for writ of certiorari in that court. In the interests of clarity and judicial efficiency, we direct the circuit court to make whatever findings are necessary to support its conclusion regarding jurisdiction.
 

 The petition is GRANTED, the circuit court’s order is QUASHED, and this case is REMANDED to the circuit court to address the jurisdictional issue and, if jurisdiction exists, to issue an order on the merits.
 
 Kowch v. Bd. of County Comm’rs,
 
 467 So.2d 340 (Fla. 5th DCA 1985).
 

 BENTON, C.J., ROWE, and RAY, JJ., concur.